UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEA LAUNCH COMPANY, L.L.C., *et al.*,[1] | ) | Case No. 09-12153 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Hearing Date: July 16, 2009 at 2:00 p.m. (ET) |
| | ) | Objection Deadline: July 9, 2009 at 4:00 p.m. (ET) |

## MOTION FOR AN ORDER TO RETAIN ORDINARY COURSE PROFESSIONALS PURSUANT TO SECTIONS 105(A), 327, 328 AND 330 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014

Sea Launch Limited Partnership, a Cayman Islands exempted limited partnership ("**Sea Launch LP**"); its General Partner, Sea Launch Company, L.L.C. ("**Sea Launch Company**"); and its direct and indirect subsidiaries, Sea Launch ACS Limited, an Isle of Man exempted company ("**Sea Launch ACS**"); Sea Launch ACS Limited Partnership, an Isle of Man exempted limited partnership ("**Sea Launch ACS LP**"); Platform LDC, a Cayman Islands exempted limited duration company ("**Platform LDC**"); and Platform Limited Partnership, a Cayman Islands exempted limited partnership ("**Platform LP**" and collectively, with Sea Launch Company, Sea Launch LP, Sea Launch ACS, Sea Launch ACS LP, and Platform LDC, the "**Debtors**") hereby file this motion (the "**Motion to Retain Ordinary Course Professionals**") seeking the entry of an order pursuant to 11 U.S.C. §§ 105(a), 327, 328 and 330 and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) Sea Launch Company, L.L.C. (1590); (ii) Sea Launch Limited Partnership (Cayman) (8182); (iii) Sea Launch ACS Limited (5999); (iv) Sea Launch ACS Limited Partnership (Isle of Man) (6216); (v) Platform LDC (3177); and (vi) Platform Limited Partnership (3173). The mailing address for all of the Debtors is 2700 Nimitz Road, Long Beach, CA 90802.

## I. GENERAL BACKGROUND

1. On June 22, 2009 (the "**Petition Date**"), each Debtor commenced a voluntary case under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. An official committee has not yet been established in these cases. No request has been made for the appointment of a trustee or examiner.

### A. The Debtors' Business

3. The Debtors comprise a business that draws upon an international consortium of American, Russian, Ukrainian and Norwegian businesses that provides a reliable, cost effective, heavy-lift commercial satellite launch service for primarily commercial customers. The Debtors offer a one-of-a-kind sea-based equatorial launch site that provides the most direct route to geostationary orbit, offering maximum lift capacity for increased payload mass or extended spacecraft life. In connection with the sea-based equatorial launches, the Debtors provide fully integrated launch services out of their home port in Long Beach, California. Specifically, following completion of fueling and encapsulation in the state-of-the-art Payload Processing Facility, the satellite payload capsule is transferred to the assembly command ship named "Sea Launch Commander" (the "**ACS**") for integration with the launch rocket. After the satellite capsule is integrated into the launch rocket, the integrated rocket is transferred to the ACS, where it is stored in an environmentally controlled hangar during transit to the semi-submersible launch platform named "Odyssey" (the "**Launch Platform**") at the equator. At the equatorial launch site, once the Launch Platform is positioned, the launch rocket is rolled out of its environmentally protected hangar, automatically erected on the Launch Platform, and prepared

2

for launch. After the launch rocket receives its final preparations, the satellite is a "go" for launch.

4. On March 27, 1999, the Debtors executed a precisely controlled inaugural flight that demonstrated their sea-based launch facilities – the Launch Platform. The success of the Debtors' inaugural mission represented the culmination of four years of intense development work performed by aerospace and marine professionals throughout the world. Since the Debtors' inaugural mission, the Debtors have experienced performance enhancements that have enabled them to increase the payload capacity of their launch vehicles, increased reliability, and streamlined processing operations.

5. In 2005, using existing infrastructure at the Baikonur Space Center, in Kazakhstan, the Debtors supplemented their equatorial sea-based launch site with a land-based launch system based upon the Debtors' sea-based Launch vehicle. At the land-based site, the Debtors provide contracting and management functions for the land launch system. Space International Services, Ltd., based in Moscow, provides hardware and services originating in Russia, Ukraine and Kazakhstan, in a subcontracting arrangement with the Debtors.

6. Since the successful inaugural flight, the Debtors have experienced twenty-nine (29) successful launches, twenty-seven (27) from the Launch Platform (sea-based) and two (2) from the Baikonur Space Center (land-based), the most recent of which occurred on Sunday, June 21, 2009.

B. **Facts in Support of Requested Relief**

7. The Debtors customarily retain the services of various attorneys, accountants, and other professionals to represent them in matters arising in the ordinary course of business (the "**Ordinary Course Professionals**"). The Ordinary Course Professionals include: Deloitte &

Touche LLP; KPMG LLP; Vinson & Elkins; Thorp Alberga (formerly known as Meyers and Alberga); Pricewaterhouse Cooper LLP; Equity Limited; Keesal, Young & Logan; and Ryan & Company. Prior to the filing of their Chapter 11 Petitions, the Ordinary Course Professionals rendered services to the Debtors consisting of, among other things, (a) tax preparation and other tax advice, (b) legal advice pertaining to various corporate and intellectual property matters, and (c) legal representation in respect of personal injury, commercial and employment matters (the "**Ordinary Course Services**"). After the commencement of their Bankruptcy cases, the Debtors anticipate that they will continue to need professionals to assist them in connection with the Ordinary Course Services. The continued operation of the Debtors' businesses would be hindered if the Debtors were required to submit to the Court an application, declaration, and proposed retention order for each Ordinary Course Professional and if each Ordinary Course Professional was required to apply for approval of its employment and compensation. Further, a number of the Ordinary Course Professionals may be unfamiliar with the fee application procedures employed in bankruptcy cases. Given the level of fees involved, some of the Ordinary Course Professionals may be unwilling to render services to the Debtors if these requirements were imposed. The uninterrupted services of the Ordinary Course Professionals are important to the Debtors' continuing operations and its ultimate ability to reorganize.

8. Additional information about the Debtors' businesses and the events leading up to the commencement of the Debtors' bankruptcy cases (the "**Bankruptcy Cases**") can be found in the Declaration of Brett A. Carman which is incorporated herein by reference.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Bankruptcy Cases and this Motion to Retain Ordinary Course Professionals

is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

### III. REQUEST FOR RELIEF

10. Before the commencement of the Bankruptcy Cases, the Debtors employed the Ordinary Course Professionals to provide legal, accounting, and tax services in the ordinary course of their businesses. Through the Motion to Retain Ordinary Course Professionals, the Debtors are seeking an order authorizing, but not directing, the Debtors to: (a) retain the Ordinary Course Professionals without requiring the submission of separate retention pleadings for each Ordinary Course Professional, effective *nunc pro tunc* to the Petition Date; and (b) pay the Ordinary Course Professionals 100% of their postpetition fees and expenses subject to the limitations set forth herein in order to take advantage of the skills and knowledge such professionals already have with respect to the matters on which they were engaged prior to the Petition Date.

11. The Ordinary Course Professional will not be involved in the administration of these Chapter 11 cases but, rather, will provide services in connection with the Debtors' ongoing business operations or services similar to those ordinarily provided by in-house counsel to a corporation. The Debtors submit that, in light of the costs associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and cost prohibitive for the Debtors to submit individual applications and proposed retention orders for each of the Ordinary Course Professionals. Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

DB02:8382165.1
068473.1001

12. To ensure that each of the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which such professional is employed, the Debtors propose that each Ordinary Course Professional submit a declaration, pursuant to Section 327(e) of the Bankruptcy Code and substantially in the form attached hereto as Exhibit "B," setting forth that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or to their respective estates (the "**Retention Declaration**"). Copies of such declaration shall be served on the Debtors, the United States Trustee for the District of Delaware (the "**United States Trustee**"), counsel for any creditors' committee that may be appointed in the Bankruptcy Cases, and those parties who request notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

13. Any party in interest may file an objection to any Retention Declaration that is filed with the Court based upon lack of disinterestedness or conflict of interest. Objections to the retention of any Ordinary Course Professional must be filed within ten (10) days of service of the Retention Declaration in question. Each objection must be served on the Notice Parties.

14. The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court by such professional, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred; provided, however, that if any professional's fees and disbursements exceed $25,000 per month, on average over the prior three-month period, then such professional shall be required to file a fee application for such excess amounts in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the District of Delaware, and any applicable orders of this Court.

15. The Debtors reserve the right to supplement the list of Ordinary Course Professionals from time to time, as necessary. In that event, the Debtors will file a supplemental list of Ordinary Course Professionals with this Court and will serve it on the master service list established in the Bankruptcy Cases. The Debtors further propose that if no objections are filed to any supplemental list within ten days after service thereof, such list will be deemed approved by the Court without the necessity of a hearing.

16. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered to the Debtors, the Debtors do not believe that any Ordinary Course Professional has any interest materially adverse to the Debtors, their creditors, or other parties in interest. The Debtors will not retain any Ordinary Course Professional that does not meet the special counsel retention requirement of Section 327(e) of the Bankruptcy Code.

17. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

18. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. §328(a).

19. Section 330 of the Bankruptcy Code provides, in relevant part, as follows:

> After notice to the parties in interest and the united States Trustee and a hearing . . . the court may award to a . . . professional person employed under section 327 . . . reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

20. The proposed ordinary course retention and payment procedures set forth herein will not apply to those professionals for whom the Debtors have filed separate applications for approval of employment.

21. The Debtors desire to continue to employ the Ordinary Course Professionals to render services that are similar to those rendered prior to the Petition Date. It is essential that the employment of the Ordinary Course Professionals, who are already familiar with the Debtors' affairs, be continued on an ongoing basis to enable the Debtors to conduct, without disruption, their ordinary business affairs. The relief requested will save the Debtors the expense of separately applying for the employment of each professional. Furthermore, relieving the Ordinary Course Professionals of the requirement of preparing and prosecuting fee applications will save the estates the additional professional fees and expenses that would be caused thereby. Likewise, the procedures outlined above will spare the Court and the United States Trustee from having to consider numerous fee applications involving relatively modest amounts of fees and expenses. The Debtors submit that the proposed employment of the Ordinary Course Professionals, and the payment of compensation on the basis set forth above, is in the best interests of the Debtors' estates and their creditors.

22. By this Motion, the Debtors are not requesting authority to pay any prepetition amounts owed to the Ordinary Course Professionals.

## IV. NOTICE

23. No trustee, examiner or creditors' committee has been appointed in the Bankruptcy Cases. The Debtors have served notice of this Motion on (a) the Office of the United States Trustee for the District of Delaware; (b) those creditors holding the thirty largest unsecured claims against the Debtors' estates; (c) the Internal Revenue Service; and (d) all parties that requested notice pursuant to Local Rule 2002-1(b). The Debtors submit that no other or further notice need be provided.

## V. CONCLUSION

24. The Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit "C," granting the Motion to Retain Ordinary Course Professionals and authorizing the employment and compensation of the Ordinary Course Professionals and granting such other and further relief as is just and proper.

DB02:8382165.1 068473.1001

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

DATED: June 30, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Joel A. Waite

Joel A. Waite (No. 2925)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Dennis J. Connolly
Matthew W. Levin
Wendy R. Reiss
Sage M. Sigler
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Proposed Attorneys for the Debtors