# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEA LAUNCH COMPANY, L.L.C., *et al.*,[1] | ) Case No. 09-12153 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: August 17, 2009 at 12:00 p.m. |
| | ) Objection Deadline: August 10, 2009 at 4:00 p.m. |

## APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROTHSCHILD INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEA LAUNCH COMPANY, L.L.C., ET AL., *NUNC PRO TUNC* TO JULY 15, 2009

The Official Committee of Unsecured Creditors (the "Committee") of Sea Launch Company, L.L.C., and affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby files this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the employment and retention of Rothschild Inc. ("Rothschild") as investment banker and financial advisor to the Committee *nunc pro tunc* to July 15, 2009. In support of this Application, the Committee submits the Declaration of Todd R. Snyder, a Managing Director of Rothschild (the "Snyder Declaration"), which is attached hereto as Exhibit B. In further support of this Application, the Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sea Launch Company, L.L.C. (1590); Sea Launch Limited Partnership (Cayman) (8182); Sea Launch ACS Limited (5999); Sea Launch ACS Limited Partnership (Isle of Man) (6216); Platform LDC (3177); and Platform Limited Partnership (3173). The mailing address for all the Debtors is 2700 Nimitz Road, Long Beach, CA 90802.

{00316165;v5}

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 328 and 1103 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules and Rules 2014-1 and 2016-2 of the Local Bankruptcy Rules.

## RELIEF REQUESTED

4. By this Application, the Committee seeks the entry of an order, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Local Rules 2014-1 and 2016-2, (i) authorizing the employment and retention of Rothschild as its investment banker and financial advisor in accordance with the terms and conditions set forth in that certain engagement letter dated July 15, 2009 (the "Engagement Letter"), which is attached as Exhibit 1 to the Snyder Declaration and incorporated by reference herein, and (ii) waiving certain informational requirements of Local Rule 2016-2(d) pursuant to Local Rule 2016-2(g).

5. As required by Bankruptcy Rule 2014(a), this Application and the annexed Snyder Declaration sets forth (a) the specific facts showing the necessity for Rothschild's employment, (b) the reasons for the selection of Rothschild as investment banker and financial advisor in connection with these chapter 11 cases, (c) to the best of the Committee's knowledge, all of Rothschild's connections, if any, to certain parties in interest in these chapter 11 cases, (d) the professional services to be rendered by Rothschild, and (e) the proposed arrangement for Rothschild's compensation. See Fed. R. Bankr. P. 2014(a).

## GENERAL BACKGROUND

6. On June 22, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. On June 25, 2009 the Court entered an order jointly administering the Debtors' chapter 11 cases (the "Cases"). The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. Pursuant to section 1102(a)(1) of the Bankruptcy Code, on July 8, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed the following members to the Committee:

| *COMMITTEE MEMBER* | *REPRESENTATIVE* |
|---|---|
| Intelsat, Ltd. | Stephen Chernow |
| SkyTerra LP | Randy Segal |
| Hughes Network Systems, LLC | Dean A. Manson |
| SES Americom, Inc. | David J. Lidstene |
| XM Satellite Radio Inc. | Patrick Donnelly |

8. Upon formation, the Committee selected Hughes Communications, Inc. as the Chair of the Committee. The Committee has selected Rothschild as its investment banker and financial advisor, Milbank, Tweed, Hadley & McCloy LLP as counsel and Ashby & Geddes, P.A. as Delaware counsel.

## ROTHCHILD'S QUALIFICATIONS

9. The Committee seeks to retain and employ Rothschild as its investment banker and financial advisor because, among other things, Rothschild has extensive experience and an excellent reputation in providing high quality investment banking and financial advisory services to debtors and creditors in bankruptcy reorganizations and other restructurings.

3

10. Rothschild is a member of one of the world's leading investment banking groups, with more than 40 offices in more than 30 countries, including an office located at 1251 Avenue of the Americas, 51st Floor, New York, New York 10020. Rothschild has expertise in domestic and cross-border restructurings, mergers and acquisitions, and other financial advisory services. Rothschild is an experienced bankruptcy and restructuring advisor to debtors, bondholders, creditors' committees, single creditor classes, and secured creditors in a variety of industries. Rothschild is highly qualified to advise on strategic alternatives and its professionals have extensive experience in deals involving complex financial and operating restructurings. Moreover, Rothschild is a member of the National Association of Securities Dealers and Securities Investor Protection Corporation.

11. Rothschild and its professionals have extensive experience working with financially troubled companies from a variety of industries in complex financial restructurings, both out-of-court and in chapter 11 cases. Rothschild's business reorganization professionals have served as financial and strategic advisors in numerous cases, including, among others: In re Recycled Paper Greetings Inc., No. 09-10002 (KG) (Bankr. D. Del. Jan. 2, 2009); In re Circuit City Stores, Inc., No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10,2008); In re VeraSun Energy Corp., No. 08-12606 (BLS) (Bankr. D. Del. Oct. 31, 2008); In re Motor Coach Industries International, Inc., No.08-12136 (BLS) (Bankr. D. Del. Sept. 15, 2008); In re BHM Technologies, No. 08-04413 (SWD) (Bankr. W.D. Mich. May 19, 2008); In re Hilex Poly Co. LLC, No. 08-10890 (KJC) (Bankr. D. Del. May 6, 2008); In re OCA Inc., No. 06-10179 (JAB) (Bankr. E.D. La. Mar. 14, 2006); In re Delphi Corp., No. 05-44481 (RDD) (Bankr. S.D.N.Y. Nov. 30, 2005); In re Northwest Airlines Corp., No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 14, 2005); In re Solutia Inc., No. 03-17949 (PCB) (Bankr. S.D.N.Y. Mar. 11, 2005); In re Int'l Wire, No. 04-11991 (BRL) (Bankr. S.D.N.Y. July 1,2004); In re Viasystems Group, Inc., No. 02-14867 (ALG) (Bankr. S.D.N.Y. Nov. 21, 2002); In re Guilford

Mills, Inc., No. 02-40667 (BRL) (Bankr. S.D.N.Y. June 26, 2002); In re James River Coal Co., No. 03- 04095 (MFH) (Bankr. M.D. Tenn. May 23, 2003); In re Superior TeleCom Inc., et al., No. 03-10607 (KJC) (Bankr. D. Del. Apr. 10, 2003); In re VAL Corp., No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 9, 2002).

12. In light of the size and complexity of these Cases, the resources, capabilities and experience of Rothschild in advising the Committee will be critical. An experienced investment bank and financial advisor, such as Rothschild, fulfills a critical service that complements the services provided by the Committee's other professionals. As discussed in detail below and in the Engagement Letter, Rothschild will concentrate its efforts on serving as the Committee's investment banker and financial advisor in these Cases and, more specifically, in assisting the Committee in its efforts with regard to, inter alia, evaluating and analyzing the Debtors, their assets and liabilities, business plans, forecasts and strategic alternatives. For the aforementioned reasons, the Committee requires the services of a capable and experienced investment banker and financial advisor such as Rothschild.

## SERVICES TO BE PROVIDED[2]

13. The services of an investment banker and financial advisor are necessary to enable the Committee to execute faithfully its duties on behalf of the creditors. Subject to further order of this Court and consistent with the Engagement Letter, the Committee has requested that Rothschild render the following services, and tasks related thereto, in these Cases:

> (a) Evaluating the assets and liabilities of the Debtors, including the value thereof;
>
> (b) Analyzing and reviewing the financial and operating statements of the Debtors and their non-debtor affiliates;
>
> (c) Analyzing the business plans and forecasts of the Debtors;

---

[2] To the extent there is any discrepancy between the terms summarized in this Application and those set forth in the Engagement Letter, the terms of the Engagement Letter shall control.

(d) Evaluating the Debtors' liquidity, including financing alternatives;

(e) Analyzing and evaluating the claims of, and causes of action against, the Debtors and their non-debtor affiliates;

(f) Providing such specific valuation or other financial analyses as the Committee may reasonably request in connection with these Cases;

(g) Analyzing the debt capacity of the Debtors;

(h) Evaluating strategic alternatives of the Debtors as requested by the Committee;

(i) Representing the Committee in negotiations with the Debtors and third parties;

(j) Analyzing any proposed transactions to which the Debtors or any may be party and to advise the Committee with respect thereto;

(k) Submitting affidavits, appear in court and/or offer testimony in connection with the Cases, as reasonably requested by the Committee;

(l) Assisting the Committee in determining an appropriate capital structure for the Debtors;

(m) Attending meetings between the Debtors and the Committee and advising the Committee in connection therewith; and,

(n) Rendering such other financial advisory and related services as may be agreed upon from time to time by the Committee and Rothschild in connection with the foregoing.

## PROFESSIONAL COMPENSATION[3]

14. Rothschild intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with its services rendered to the Committee subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, guidelines established by the U.S.

---

[3] To the extent there is any discrepancy between the terms summarized in this Application and those set forth in the Engagement Letter, the terms of the Engagement Letter shall control.

Trustee and any other applicable procedures and orders of the Court and consistent with the proposed compensation set forth in the Engagement Letter (the "Fee Structure").

15. In summary, the Fee Structure provides for the following compensation to Rothschild:

> (a) Monthly Fee — A cash advisory fee (the "Monthly Fee") of $195,000 per month during the term of the engagement.
>
> (b) Completion Fee — A fee (the "Completion Fee") of $2,950,000 payable in cash upon the earlier of: (i) the effectiveness of a plan of reorganization or (ii) the closing of another Transaction[4], provided that Rothschild shall only be entitled to receive one Completion Fee.
>
> (c) Additional Fees — To the extent the Committee requests Rothschild to perform additional services not contemplated by the Engagement Letter, Rothschild will be entitled to such additional fees as shall be mutually agreed upon by Rothschild, the Committee, and the Debtors, in writing, in advance.

16. In addition to the fees described in the preceding paragraph, Rothschild intends to apply for reimbursement for its out-of-pocket expenses reasonably incurred in connection with the matters contemplated by the Engagement Letter, including, without limitation, reasonable fees, disbursements, and charges of Rothschild's counsel. Reasonable expenses shall also include, but not be limited to, expenses incurred in connection with travel and lodging, data processing and communication charges, research, and courier services.

17. The Committee believes that the Fee Structure is comparable to those generally charged by investment banking firms of similar stature to Rothschild for comparable engagements, both in and out of bankruptcy proceedings, and reflects a balance between a fixed, monthly fee and a contingency amount, which are tied to the consummation and closing of the transactions and services contemplated by the Committee and Rothschild in the Engagement Letter.

---

[4] Capitalized terms used in this paragraph but not defined herein shall have the meanings ascribed

7

18. The Fee Structure is consistent with Rothschild's normal and customary billing practices for comparably sized and complex cases, both in and out-of-court, involving the services to be provided in these Cases. Rothschild and the Committee believe that the foregoing compensation arrangement is both reasonable and market-based. In determining the level of compensation to be paid to Rothschild and the reasonableness of such compensation, the Committee compared Rothschild's fee proposal to other proposals received by the Committee in the selection process.

19. It is not the general practice of investment banking firms, including Rothschild, to keep detailed time records similar to those customarily kept by attorneys. Notwithstanding the foregoing, Rothschild intends to file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of the Court. Because Rothschild does not ordinarily maintain contemporaneous time records in one-tenth hour (0.1) increments or provide or conform to a schedule of hourly rates for its professionals, Rothschild requests that, pursuant to Local Rule 2016-2(g), it be excused from compliance with such requirements and should be required only to maintain time records in half-hour (0.5) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Committee.

20. The Committee acknowledges and agrees that Rothschild's strategic and financial expertise as well as its capital markets knowledge, financing skills, restructuring capabilities, and mergers and acquisitions expertise, some or all of which may be required by the Committee during the term of Rothschild's engagement hereunder, were important factors in determining the

---

to such terms in the Engagement Letter.

Fee Structure, and the ultimate benefit to the Committee of Rothschild's services hereunder could not be measured by reference to the number of hours to be expended by Rothschild's professionals in the performance of such services.

21. The Committee also acknowledges and agrees that the Fee Structure has been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort will be required of Rothschild and its professionals hereunder and in light of the fact that (a) such commitment may foreclose other opportunities for Rothschild and (b) the actual time and commitment required of Rothschild and its professionals to perform its services hereunder may vary substantially from week to week and month to month, creating "peak load" issues for Rothschild.

22. In light of the foregoing and given the numerous issues that Rothschild may be required to address in the performance of its services hereunder, Rothschild's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for Rothschild's services for engagements of this nature both out-of-court and in a chapter 11 context, the Committee believes that the Fee Structure is fair and reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to the standard of review under section 330 of the Bankruptcy Code other than as set forth in the proposed form of order attached hereto.

23. Furthermore, all compensation will be sought in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, pursuant to the U.S. Trustee Chapter 11 Guidelines for the District of Delaware, and orders of the Court.

### INDEMNIFICATION PROVISIONS

24. Pursuant to the indemnification provisions attached as Exhibit A to the Engagement Letter (the "Indemnification Agreement"), the Debtors shall indemnify, hold harmless, and defend

Rothschild and its affiliates, counsel and other professional advisors, and the respective directors, officers, controlling persons, agents and employees of each of the foregoing (collectively, the "Indemnified Parties") under certain circumstances.[5]

25. The Committee and Rothschild believe that the Indemnification Agreement is customary and reasonable for investment banking engagements, both out-of-court and in chapter 11 cases, and reflects the qualifications and limitations on indemnification provisions that are customary in this district and other jurisdictions. See, e.g., In re New Century TRS Holdings, Inc., No. 07-10416 (KJC) (Bankr. D. Del. Apr. 25, 2007); In re Calpine Corp., No. 05-60200 (BRL) (Bankr. S.D.N.Y. May 2, 2006); In re FLYi, Inc., No. 05-20011 (MFW) (Bankr. D. Del. Jan. 17, 2006); In re Foamex Int'l, Inc., No. 05-12685 (PJW) (Bankr. D. Del. Oct. 17, 2005); In re Collins & Aikman Corp., No. 05-55927 (SWR) (Bankr. E.D. Mich. July 18, 2005); In re Oakwood Homes Corp., No. 02-13396 (PJW) (Bankr. D. Del. July 21, 2003); In re NTELOS, Inc., No. 03-32094 (DOT) (Bankr. E.D. Va. Apr. 16,2003); In re U.S. Airways, Inc., No. 02-83984 (SJM) (Bankr. E.D. Va. Aug. 12, 2002); In re United Artists Theatre Co., No. 00-3514 (SLR) (Bankr. D. Del. Nov. 14, 2000).

26. The Committee respectfully submits that the indemnification provisions contained in the Indemnification Agreement, as modified in the proposed form of order attached hereto, viewed in conjunction with the other terms of Rothschild's proposed retention, are reasonable and in the best interests of the Committee and the Debtors' unsecured creditors, and respectfully, should be approved.

---

[5] The Indemnification Agreement provides that the Debtors will indemnify and hold harmless Rothschild and the other Indemnified Parties (as defined in the Indemnification Agreement) from and against any losses, claims or proceedings, provided that the Debtors shall not be required to indemnify any Indemnified Party for such Losses if and only to the extent that it is finally judicially determined by a court of competent jurisdiction that such losses arose primarily because of the gross negligence, willful misconduct or fraud of such Indemnified Party.

## BASIS FOR RELIEF

27. Section 1103 of the Bankruptcy Code provides, in pertinent part, that a "committee may select and authorize the employment by such committee of one or more attorneys, accountants or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a).

28. The Committee seeks approval of the Fee Structure and Engagement Letter pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 of this title, . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . ." 11 U.S.C. § 328(a). Accordingly, section 328 permits the compensation of professionals, including investment bankers, on more flexible terms that reflect the nature of their services and market conditions, which is a significant departure from prior bankruptcy practice relating to the compensation of professionals. As the United States Court of Appeals for the Fifth Circuit recognized in In re Nat'l Gypsum Co., 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present section 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present section 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

Id. at 862 (citations omitted). Owing to this inherent uncertainty, courts have approved similar arrangements that contain reasonable terms and conditions under section 328. See, e.g., In re U.S. Airways, Inc., 02-83984 (SJM) (Bankr. E.D. Va. Aug. 12, 2002); see also In re J.L. French Auto. Castings, Inc., No. 06-10119 (MFW) (Bankr. D. Del. March 24, 2006).

29. The Fee Structure appropriately reflects the nature and scope of services to be provided by Rothschild, Rothschild's substantial experience with respect to investment banking

services, and the fee structures typically utilized by Rothschild and other leading investment banks, that do not bill their clients on an hourly basis.

30. Similar fixed and contingency fee arrangements have been approved and implemented by courts in other large chapter 11 cases. See, e.g., In re New Century TRS Holdings, Inc., No. 07-10416 (KJC) (Bankr. D. Del. Apr. 25, 2007); In re Calpine Corp., No. 05-60200 (BRL) (Bankr. S.D.N.Y. May 1, 2006); In re FLYi, Inc., No. 05-20011 (MFW) (Bankr. D. Del. Jan. 17, 2006); In re W.R. Grace & Co., No. 01-1139 (JKF) (Bankr. D. Del. Apr. 2, 2001).

31. Furthermore, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended section 328(a) as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a) (emphasis added). This change makes clear that committees are able to retain a professional on a fixed fee basis with bankruptcy court approval, such as the Fee Structure for Rothschild.

32. Moreover, in order to allow Rothschild to be compensated for work performed on or after its retention, but prior to its submission of this Application, the Committee seeks to employ and retain Rothschild as financial advisor *nunc pro tunc* to July 15, 2009. The Committee submits that these circumstances are of a nature warranting such approval. See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.), 844 F.2d 99, 103 (3d Cir. 1988), cert. denied, 488 U.S. 852 (1988); Indian River Homes, Inc. v. Sussex Trust Co., 108 B.R. 46, 51 (D. Del. 1989) (approval of debtor's employment of attorney and real estate agent as of a prior date was not an abuse of discretion).

33. Accordingly, the Committee respectfully requests entry of an order under sections 328(a) and 1103 of the Bankruptcy Code authorizing it to employ and retain Rothschild as its investment banker and financial advisor to perform the services that will be necessary during these Cases.

## ROTHSCHILD'S RELATIONSHIPS WITH PARTIES IN INTEREST

34. To the best of the Committee's knowledge, except as set forth in the Snyder Affidavit, Rothschild does not represent any other entity having an adverse interest in connection with these cases.

35. To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of Rothschild's retention are discovered or arise, Rothschild will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## NOTICE

36. A copy of this Application will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors; and (c) all parties that have requested special notice in these Cases pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

37. No previous request for the relief sought in this Application has been made to this Court or any other Court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Snyder Declaration, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, (a) granting the relief requested in this Application, (b) authorizing the Committee to retain and employ Rothschild, effective as of July 15, 2009, as its investment banker and financial advisor in these Cases, and (c) granting such other and further relief as this Court may deem just and proper under the circumstances.

Dated: July 31, 2009

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEA LAUNCH COMPANY, L.L.C.,** *et al.*

By: _____
Chair of the Committee