**Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEA LAUNCH COMPANY, L.L.C., *et al.*,[1] | ) | Case No. 09-12153 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket No. ___** |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROTHSCHILD INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEA LAUNCH COMPANY, L.L.C., ET AL., *NUNC PRO TUNC TO* JULY 15, 2009

Upon the application (the "Application") of The Official Committee of Unsecured Creditors (the "Committee") of Sea Launch Company, L.L.C., and affiliated debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the employment and retention of Rothschild Inc. ("Rothschild") as investment banker and financial advisor to the Committee *nunc pro tunc* to July 15, 2009; and upon consideration of the Snyder Declaration[2] filed in support thereof; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sea Launch Company, L.L.C. (1590); Sea Launch Limited Partnership (Cayman) (8182); Sea Launch ACS Limited (5999); Sea Launch ACS Limited Partnership (Isle of Man) (6216); Platform LDC (3177); and Platform Limited Partnership (3173). The mailing address for all the Debtors is 2700 Nimitz Road, Long Beach, CA 90802.

[2] All terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Committee and the Debtors' creditors; and the Committee having provided appropriate notice of the Application and the opportunity for a hearing on this Application under the circumstances and no other or further notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor; and the Court having determined that Rothschild does not hold or represent any interest adverse to the Committee or the Debtors' unsecured creditors with respect to matters upon which Rothschild is to be engaged, that Rothschild is a "disinterested person", as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having determined that that the terms and conditions of Rothschild's employment, including the compensation structure set forth in the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy Code, it is HEREBY ORDERED THAT:

1.      The Application is hereby **GRANTED**.

2.      In accordance with sections 328(a) and 1103 of the Bankruptcy Code, the Committee is hereby authorized to retain and employ Rothschild as its investment banker and financial advisor in accordance with the terms and conditions set forth in the Application and the engagement letter attached hereto as Exhibit 1 (including the exhibits thereto and the

2

indemnification provisions included therein, the "Engagement Letter").

3.     The terms of Rothschild's Engagement Letter are approved, and Rothschild shall be entitled to an allowance of compensation and reimbursement of expenses pursuant to section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders of this Court.

4.     Notwithstanding the preceding paragraph of this Order and any provision to the contrary in the Application or the Engagement Letter, the U.S. Trustee shall have the right to object to Rothschild's request(s) for payment of the Completion Fee based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code, provided, however, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these Cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

5.     The indemnification provisions included in the Engagement Letter, including Exhibit A thereto, are approved, subject to the following:

    (a)     Rothschild shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    (b)     The Debtors shall have no obligation to indemnify Rothschild, or provide contribution or reimbursement to Rothschild, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Rothschild's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Rothschild's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or

(iii) settled prior to a judicial determination as to Rothschild's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Rothschild should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order;

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Rothschild believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Rothschild must file an application therefore in this Court, and the Debtors may not pay any such amounts to Rothschild before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Rothschild for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Rothschild.

6.      To the extent requested in the Application, Rothschild is granted a waiver of the information requirements relating to compensation requests set forth in Rule 2016-(d) of the Local Bankruptcy Rules.

7.      In addition to compensation for professional services rendered by Rothschild, pursuant to the terms of the Engagement Letter, Rothschild is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the fees, disbursements and other charges of Rothschild's counsel (which counsel shall not be required to be retained pursuant to section 1103 of the Bankruptcy Code or otherwise).

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.    The relief granted herein shall be binding on any chapter 11 trustee appointed in these Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Cases to cases under chapter 11.

10.   The Committee is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

11.   This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
_____, 2009

_____
THE HONORABLE BRENDAN L SHANNON
United States Bankruptcy Court Judge

# **Exhibit 1**

**Engagement Letter**

As of July 15, 2009

The Official Committee of Unsecured Creditors
in *In re* Sea Launch Company, L.L.C., *et al.*
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Attn: Abhilash M. Raval, Esq.

Ladies and Gentlemen:

This letter (the "Agreement") will confirm the terms and conditions of the agreement by and among the Official Committee of Unsecured Creditors (the "Committee") of Sea Launch Company, L.L.C. ("Sea Launch" and together with its affiliated debtors and debtors-in-possession, the "Company"), appointed in the Company's bankruptcy case [Case No. 09-12153 (Jointly Administered)] (the "Bankruptcy Case") under Title 11 of the United States Code §§ 101 et seq. (the "Bankruptcy Code"), currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and Rothschild Inc. ("Rothschild") regarding the retention of Rothschild as financial advisor and investment banker to the Committee in connection with the Bankruptcy Case.

Section 1    Services to be Rendered.  In connection with the formulation, analysis and implementation of various options for a reorganization or other strategic alternative relating to the Company, whether pursuant to a Transaction (as defined below) or otherwise, Rothschild will perform the following services, and tasks related thereto, to the extent Rothschild deems necessary, appropriate and feasible and as requested by the Committee:

   (a)    evaluate the assets and liabilities of the Company, including the value thereof;

   (b)    analyze and review the financial and operating statements of the Company and its non-debtor affiliates;

   (c)    analyze the business plans and forecasts of the Company;

   (d)    evaluate the Company's liquidity, including financing alternatives;

   (e)    analyze and evaluate claims of, and causes of action against, the Company and its non-debtor affiliates;

   (f)    provide such specific valuation or other financial analyses as the Committee may reasonably request in connection with the Bankruptcy Case;

   (g)    analyze the debt capacity of the Company;

Rothschild Inc.
1251 Avenue of the Americas
New York, NY 10020
www.rothschild.com
23017804v4

Todd R. Snyder
Managing Director
Telephone 212 403-5246
Facsimile 212 403-5554
Email todd.snyder@us.rothschild.com

(h)    evaluate strategic alternatives of the Company as requested by the Committee;

(i)    represent the Committee in negotiations with the Company and third parties;

(j)    analyze any proposed Transaction to the Committee;

(k)    submit affidavits, appear in court and/or offer testimony in connection with the Bankruptcy Case, as reasonably requested by the Committee;

(l)    assist the Committee in determining an appropriate capital structure for the Company;

(m)    attend meetings between the Company and the Committee and advise the Committee in connection therewith; and

(n)    render such other financial advisory and related services as may be agreed upon from time to time by the Committee and Rothschild in connection with the foregoing.

As used herein, the term "Transaction" shall mean any one or more of the following, whether pursuant to a plan of reorganization or liquidation (a "Plan") consummated in connection with the Bankruptcy Case or otherwise: (a) any transaction or series of transactions that effects material amendments to, or other material changes in, any of the Company's outstanding indebtedness, trade claims, leases, unfunded pension and retiree medical liabilities, and/or other material liabilities (whether on or off balance sheet) that would, in the aggregate, result in the material improvement of the Company's financial condition; (b) (i) any merger, consolidation, reorganization, recapitalization, financing, refinancing, business combination or other transaction pursuant to which the Company (or control thereof) is acquired by, or combined with, any person, group of persons, partnership, corporation or other entity (an "Acquirer") or (ii) any acquisition, directly or indirectly, by an Acquirer (or by one or more persons acting together with an Acquirer pursuant to a written agreement or otherwise), through a credit bid or otherwise, whether in a single transaction, multiple transactions or a series of transactions, of (x) other than in the ordinary course of business, any material portion of the assets or operations of the Company or (y) any outstanding or newly-issued shares of the Company's capital stock or any securities convertible into, or options, warrants or other rights to acquire such capital stock or other equity securities of the Company, for the purpose of effecting a recapitalization or change of control of the Company; (c) other than in the ordinary course of business, any acquisition, directly or indirectly, by the Company, whether in a single transaction, multiple transactions or a series of transactions, any outstanding or newly-issued shares of another person's capital stock or any securities convertible into, or options, warrants or other rights to acquire such capital stock or other equity securities of another person, for the purpose of effecting a recapitalization or change of control of the other person; (d) any restructuring, reorganization, exchange offer, tender offer, refinancing or similar transaction, whether or not pursuant to a Plan; or (e) any transaction similar to any of the foregoing. In performing its services pursuant to this Agreement, and notwithstanding anything to the contrary herein, Rothschild is not assuming any responsibility either for the Company's or the Committee's decision to pursue (or not to pursue) or support (or not to support) any strategy or to effect (or not

to effect) any Transaction or other transaction. Rothschild shall not have any obligation or responsibility to provide accounting, audit, "crisis management" or business consultant services, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements nor shall Rothschild act in the official capacity of an appraiser of specific assets of the Company or any other party.

Section 2.  Information Provided by the Company.

(a)  The Committee acknowledges and agrees that, in rendering its services hereunder, Rothschild will be using and relying on information made available to it by the Company and its advisors (the "Information") (and information available from public sources) without independent verification thereof by Rothschild. Neither Rothschild nor the Committee assumes responsibility to each other for the accuracy or completeness of the Information or any other information regarding the Company.

(b)  The Committee acknowledges that in the course of this engagement it may be necessary for Rothschild and the Committee or Rothschild and Company to communicate electronically or for Rothschild to communicate with other parties. The Committee further acknowledges that although Rothschild will use commercially reasonable procedures to check for the most commonly known viruses, the electronic transmission of information cannot be guaranteed to be secure or error-free. Furthermore such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Rothschild shall have no liability to the Committee or the Company with respect to any error or omission arising from or in connection with: (i) the electronic communication of information to the Committee, the Company or other parties; or (ii) the Committee's reliance on such information.

(c)  All non-public Information concerning the Company which is given to Rothschild by the Company or the Committee will be used solely in the course of the performance of its services hereunder and will be treated confidentially by Rothschild for so long as it remains non-public. Except as otherwise required by law or judicial or regulatory process, Rothschild will not disclose this Information to a third party without the applicable party's consent. Notwithstanding the foregoing, all information concerning the Company shall be freely exchangeable between or among Rothschild and the members of the Committee and their respective advisors.

Section 3.  Application for Retention of Rothschild. The Committee shall apply promptly to the Bankruptcy Court pursuant to Sections 328(a) and 1103 of the Bankruptcy Code, applicable local rules and procedural orders of the Bankruptcy Court and procedural guidelines established by the Office of the United States Trustee, for approval of (a) this Agreement and (b) Rothschild's retention by the Committee under the terms of this Agreement (including, without limitation, the reimbursement of the fees, disbursements and other charges of Rothschild's counsel pursuant to

Section 5 hereof without the requirement that the retention of such counsel be approved by the Bankruptcy Court), nunc pro tunc to the date hereof, and shall use its reasonable best efforts to obtain Bankruptcy Court authorization thereof. The Committee shall use its reasonable best efforts to obtain such Bankruptcy Court approval and authorization subject only to the subsequent review by the Bankruptcy Court under the standard of review provided in Section 328(a) of the Bankruptcy Code, provided that review of the United States Trustee may be pursuant to the standard of review provided in Section 330 of the Bankruptcy Code, with the limitation that "reasonableness" be evaluated by comparing (among other things) the fees payable in the Bankruptcy Case to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and evaluated primarily on an hourly or length-of-case based criteria. The Committee shall supply Rothschild and its counsel with a draft of such application and any proposed order authorizing Rothschild's retention sufficiently in advance of the filing of such application and proposed order to enable Rothschild and its counsel to review and comment thereon. Rothschild shall have no obligation to provide any services under this Agreement unless Rothschild's retention under the terms of this Agreement is approved in the manner set forth above by a final order of the Bankruptcy Court no longer subject to appeal, rehearing, reconsideration or petition for certiorari, and which order is reasonably acceptable to Rothschild in all respects.

Rothschild acknowledges that in the event that the Bankruptcy Court approves its retention by the Committee, pursuant to the application process described in this Section 3, payment of Rothschild's fees and expenses shall be subject to (a) the jurisdiction and approval of the Bankruptcy Court and any order approving Rothschild's retention, (b) any applicable fee and expense guidelines and/or orders and (c) any requirements governing interim and final fee applications. In the event that Rothschild's engagement hereunder is approved by the Bankruptcy Court, the Company shall pay all fees and expenses of Rothschild hereunder as promptly as practicable in accordance with the terms hereof and the orders governing interim and final fee applications, and after obtaining all necessary further approvals from the Bankruptcy Court, if any.

In agreeing to seek Rothschild's retention under Section 328(a) of the Bankruptcy Code, the Committee acknowledges that it believes that Rothschild's general restructuring experience and expertise, its knowledge of the industry in which the Company operates and the capital markets and its merger and acquisition capabilities will inure to the benefit of the Committee and the Company, that the value of Rothschild's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the Monthly Fee, and the Completion Fee (each as defined below) are reasonable regardless of the number of hours expended by Rothschild's professionals in performance of the services provided hereunder.

    Section 4.  Fees of Rothschild.  As compensation for the services rendered to the Committee hereunder, the Company, and its successors, if any, shall pay Rothschild (via wire transfer or other mutually acceptable means) the following fees in cash, which fees are acceptable to the Committee:

        (a)    Commencing as of the date hereof, and whether or not a Transaction is proposed or consummated, a cash advisory fee (the "Monthly Fee") of $195,000 per month during the term hereof. The initial Monthly Fee shall be

pro-rated based on the commencement of services as of the date hereof and shall be payable by the Company upon the approval of the Bankruptcy Court of this Agreement, and thereafter the Monthly Fee shall be payable by the Company in advance on the first day of each month.

(b)    A fee (the "Completion Fee") of $2,950,000 payable by the Company in cash upon the earlier of (i) the effectiveness of a Plan or (ii) the consummation of another Transaction, provided that Rothschild shall only be entitled to receive one Completion Fee.

(c)    To the extent the Committee requests Rothschild to perform additional services not contemplated by this Agreement, such additional fees shall be mutually agreed upon by Rothschild and the Committee, in writing, in advance.

The Company's obligation to make any payments hereunder shall be subject to Bankruptcy Court approval.

Each of the Committee and Rothschild acknowledge and agree that (i) the hours worked, (ii) the results achieved and (iii) the ultimate benefit to the Committee and the Company of the work performed, in each case, in connection with this engagement, may be variable, and that the Committee and Rothschild have taken such factors into account in setting the fees hereunder.

Neither the Committee, its constituents, nor any of its advisors or professionals, shall be directly liable for the fees, expenses or other amounts payable to Rothschild hereunder or in connection with the matters contemplated herein. Notwithstanding such arrangement, Rothschild's duties hereunder run solely to the Committee, and Rothschild is not authorized to be, and will not purport to be, acting on behalf of, or at the direction of the Company for any purpose. All financial advice, written or oral, provided by Rothschild to the Committee pursuant to this Agreement is intended solely for the use and benefit of the Committee and its members (solely in their capacity as members of the Committee) and the Committee agrees that such advice may not be disclosed publicly or made available to third parties without the prior written consent of Rothschild (which consent shall not be unreasonably withheld); provided that the foregoing shall not be construed to restrict the Committee from complying with Section 1102(b)(3) of the Bankruptcy Code.

Section 5.    Expenses. Without in any way reducing or affecting the provisions of Exhibit A hereto, the Company shall reimburse Rothschild for its expenses incurred in connection with the performance of its engagement hereunder and the enforcement of this Agreement including, without limitation, the fees, disbursements and other charges of Rothschild's counsel (without the requirement that the retention of such counsel be approved by the Bankruptcy Court). Reimbursable expenses shall also include, but not be limited to, expenses incurred in connection with travel and lodging, data processing and communication charges, research and courier services. Consistent with and subject to any applicable order or rules of the Bankruptcy Court, the Company shall promptly reimburse Rothschild for expenses under this Section 5 upon presentation of an invoice or other similar documentation with reasonable detail.

Section 6.  Indemnity.  The Committee agrees to the provisions of Exhibit A hereto which provide for indemnification by the Company of Rothschild and certain related persons.  Such indemnification is an integral part of this Agreement and the terms thereof are incorporated by reference as if fully stated herein.  Such indemnification shall survive any termination, expiration or completion of this Agreement or Rothschild's engagement hereunder.

Section 7.  Term.  The term of Rothschild's engagement shall commence on the date hereof and shall extend until the earlier of (i) the effectiveness of a Plan and (ii) the consummation of another Transaction.  This Agreement may be terminated by either the Committee or Rothschild by providing thirty (30) days advance notice in writing.  If terminated, (a) Rothschild shall be entitled to reimbursement of any and all reasonable expenses described in Section 5, and (b) Rothschild shall be entitled to payment of any fees which are due and owing to Rothschild upon the effective date of termination (including, without limitation, any additional Monthly Fees required by Section 4(b) hereof), in each case subject to Bankruptcy Court approval; provided, that the final Monthly Fee will be pro-rated for any incomplete monthly period of service.  Termination of Rothschild's engagement hereunder shall not affect or impair the Company's continuing obligation to indemnify Rothschild and certain related persons as provided in Exhibit A.  Without limiting any of the foregoing, the Completion Fee shall be payable in the event that (a) as applicable, a Transaction is consummated at any time prior to the expiration of 1 year after a termination of this Agreement by the Committee, or (b) a letter of intent or definitive agreement with respect thereto is executed at any time prior to 1 year after a termination of this Agreement by the Committee (which letter of intent or definitive agreement subsequently results in the consummation of a Transaction at any time).  In the event a Completion Fee is payable in connection with a Transaction consummated after such termination, Rothschild will file an application in accordance with the applicable terms hereof and the orders governing interim and final fee applications.

Section 8.  Miscellaneous.

(a)  *Survival, Successors & Assigns.*  Sections 4 through 8 hereof, inclusive, including the provisions set forth in Exhibit A hereto, shall survive the termination or expiration of this Agreement; provided that the survival of Section 4 shall be subject to Section 7 hereof.  The benefits of this Agreement and the indemnification and other obligations of the Company to Rothschild and certain related persons contained in Exhibit A hereto shall inure to the respective successors and assigns of the parties hereto and thereto and of the indemnified parties, and the obligations and liabilities assumed in this Agreement and Exhibit A by the parties hereto and thereto shall be binding upon their respective successors and assigns.

(b)  *Benefit of Agreement; No Reliance by Third Parties.*  The advice (oral or written) rendered by Rothschild pursuant to this Agreement is intended solely for the benefit and use of the Committee and its professionals in considering the matters to which this Agreement relates, and the Committee agrees that such advice may not be relied upon by any other person, used for any other purpose or reproduced, disseminated, quoted or referred to at any time, in any manner or for any purpose without the prior written consent of Rothschild (which consent shall not be unreasonably withheld);

provided that the foregoing shall not be construed to restrict the Committee from complying with Section 1102(b)(3) of the Bankruptcy Code

(c)    *Nature of Relationship*. The relationship of Rothschild to the Committee hereunder shall be that of an independent contractor and Rothschild shall have no authority to bind, represent or otherwise act as agent, executor, administrator, trustee, lawyer or guardian for the Company or Committee, nor shall Rothschild have the authority to manage money or property of the Company. The parties hereto acknowledge and agree that by providing the services contemplated hereunder, Rothschild will not act, nor will it be deemed to have acted, in any managerial or fiduciary capacity whatsoever with respect to the Committee or Company or any third party including, without limitation, security holders, creditors or employees of the Committee's members.

(d)    *Rothschild Affiliates*. Rothschild, through the equity owners of its parent company, Rothschild North America Inc., has indirect affiliate relationships with numerous investment banking institutions located worldwide (the "Affiliated Entities"). None of the Affiliated Entities is being retained hereunder nor will any professionals or employees of the Affiliated Entities provide services to the Company in connection with the matters contemplated hereby. The Affiliated Entities are involved in a wide range of investment banking and other activities. Rothschild can make no representation as to the "disinterestedness" (as defined in the Bankruptcy Code) of the professionals or employees of the Affiliated Entities. Information that is held by the Affiliated Entities will not for any purpose be taken into account in determining Rothschild's responsibilities to the Committee hereunder. None of the Affiliated Entities will have any duty to disclose to the Committee, the Company or any other party, or utilize for the Committee's benefit, any non-public information acquired in the course of providing services to any other person engaging in any transaction or otherwise carrying on its business.

(e)    *Required Information*. Since Federal law requires Rothschild to obtain, verify, and record information that identifies any entity not listed on the New York Stock Exchange, the American Stock Exchange or whose common stock or equity interests have not been designated as a National Market System security listed on the NASDAQ stock market that enters into a formal relationship with it, the Committee agrees to provide Rothschild with their tax or other similar identification number and/or other identifying documents, as Rothschild may request, to enable it to comply with applicable law. For your information, Rothschild may also screen the Committee members against various databases to verify their identities.

(f)    *Public Announcements*. The Committee acknowledges that Rothschild may at its option and expense, after announcement of a Transaction, place announcements and advertisements or otherwise publicize a Transaction in such financial and other newspapers and journals as it may choose, stating that Rothschild acted as financial advisor to the Committee in connection with such transaction.

(g) *CHOICE OF LAW: JURISDICTION.* THIS AGREEMENT HAS BEEN NEGOTIATED, EXECUTED AND DELIVERED AT AND SHALL BE DEEMED TO HAVE BEEN MADE IN NEW YORK, NEW YORK. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO SUCH STATE'S PRINCIPLES OF CONFLICTS OF LAWS. REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH SUCH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY AND ALL CLAIMS OR DISPUTES BETWEEN THE PARTIES HERETO PERTAINING TO THIS AGREEMENT OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE BROUGHT IN THE BANKRUPTCY COURT OR ANY COURT HAVING APPELLATE JURISDICTION OVER THE BANKRUPTCY COURT. BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT. EACH PARTY HERETO HEREBY WAIVES ANY OBJECTION WHICH IT MAY HAVE BASED ON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS AND HEREBY CONSENTS TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY SUCH COURT. EACH PARTY CONSENTS TO THE SERVICE OF PROCESS IN ACCORDANCE WITH NEW YORK LAW, AND AGREES THAT THE SIGNATORY IDENTIFIED ON THE SIGNATORY PAGE HEREOF (IN THE CASE OF ROTHSCHILD), AND THE ADDRESSEE OF THIS LETTER (IN THE CASE OF THE COMMITTEE) SHALL BE AUTHORIZED TO ACCEPT SERVICE ON ITS BEHALF.

(h) *Waiver of Jury Trial.* Each of the parties hereto hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim upon, arising out of or in connection with this Agreement or any Transaction. Each of the parties hereto hereby certifies that no representative or agent of any other party hereto has represented expressly or otherwise that such party would not seek to enforce the provisions of this waiver. Each of the parties hereto hereby acknowledges that it has been induced to enter into this Agreement by and in reliance upon, among other things, the provisions of this paragraph.

(i) *Entire Agreement.* This Agreement, including the exhibit(s) hereto, embodies the entire agreement and understanding of the parties hereto and supersedes any and all prior agreements, arrangements and understandings, either oral or written, relating to the matters provided for herein. No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each of the parties hereto.

(j) *Authority.* Each party hereto represents and warrants that it has all requisite power and authority to enter into this Agreement and Exhibit A attached hereto and the transactions contemplated hereby. Each party hereto further represents that this

Agreement has been duly and validly authorized by all necessary corporate action and has been duly executed and delivered by each of the parties hereto and constitutes the legal, valid and binding agreement thereof, enforceable in accordance with its terms. Rothschild will assume that any instructions, notices or requests have been properly authorized by the Committee if they are given or purported to be given by, or is reasonably believed by Rothschild to be a director, officer, employee or authorized agent.

(k) *Counterparts.* This Agreement may be executed in as many counterparts as may be deemed necessary and convenient, and by the different parties hereto on separate counterparts, each of which when so executed shall be deemed an original, but all such counterparts shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Agreement by telecopier shall be effective as delivery of a manually executed counterpart to this Agreement.

(l) *Notices.* Any notice given pursuant to, or relating to, this Agreement shall be in writing and shall be mailed or delivered by courier (a) if to the Committee, at the address set forth above, and (b) if to Rothschild, to Rothschild Inc., 1251 Avenue of the Americas, 51st Floor, New York, New York 10020, Attention: Todd R. Snyder, with a copy to Rothschild Inc., 1251 Avenue of the Americas, 51st Floor, New York, New York 10020, Attention: General Counsel.

(m) Rothschild's compensation as set forth herein and payments made pursuant to reimbursement and indemnification provisions of this Agreement shall be entitled to priority as expenses of administration under Sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code and shall be entitled to the benefits of any "carve-outs" for professional fees and expenses in effect in the Bankruptcy Case pursuant to one or more financing orders entered by the Bankruptcy Court.

If the foregoing correctly sets forth the understanding and agreement among the parties hereto, please so indicate by signing the enclosed copy of this letter, whereupon it shall become a binding agreement between the parties hereto as of the date first above written.

Very truly yours,

ROTHSCHILD INC.

By: Todd Snyder

Todd R. Snyder
Managing Director

Accepted and Agreed to
as of the date first written above:

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN *IN RE* SEA LAUNCH COMPANY, L.L.C., *ET AL.*

On behalf of the Committee by:

By:_____

    Name:

    Title:

    If the foregoing correctly sets forth the understanding and agreement among the parties hereto, please so indicate by signing the enclosed copy of this letter, whereupon it shall become a binding agreement between the parties hereto as of the date first above written.

                                          Very truly yours,

                                          ROTHSCHILD INC.


                                          By: _____
                                              Todd R. Snyder
                                              Managing Director

Accepted and Agreed to
as of the date first written above:



THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN *IN RE* SEA LAUNCH COMPANY, L.L.C., *ET AL.*

On behalf of the Committee by:

By: _____
    Name:
    Title:

## Exhibit A

The Company shall indemnify and hold harmless Rothschild and its affiliates, counsel and other professional advisors, and the respective directors, officers, controlling persons, agents and employees of each of the foregoing (Rothschild and each of such other persons, an "Indemnified Party" and, collectively, the "Indemnified Parties"), from and against any losses, claims or proceedings, including, without limitation, stockholder actions, damages, judgments, assessments, investigation costs, settlement costs, fines, penalties, arbitration awards and any other liabilities, costs, fees and expenses (collectively, "Losses") (a) directly or indirectly related to or arising out of oral or written information provided by the Company, the Company's employees or other agents, which either the Company or an Indemnified Party provides to any person or entity; or (b) otherwise directly or indirectly in connection with, arising out of, based upon, or in any way related to the engagement of Rothschild under this Agreement or any transaction or conduct in connection therewith, provided that the Company shall not be required to indemnify any Indemnified Party for such Losses if and only to the extent that it is finally judicially determined by a court of competent jurisdiction that such Losses arose primarily because of the gross negligence, willful misconduct or fraud of such Indemnified Party. If multiple claims are brought against an Indemnified Party, with respect to at least one of which indemnification is permitted under applicable law and provided for under this Agreement, the Company agrees that any judgment or award against such Indemnified Party shall be conclusively deemed to be based on claims as to which indemnification is permitted and provided for, except to the extent the judgment or award expressly states that it, or any portion thereof, is based on a claim as to which indemnification is not available.

The Company shall further reimburse any Indemnified Party promptly after obtaining the necessary approval of the Bankruptcy Court, if any, for any legal or other fees, disbursements or expenses as they are incurred (a) in investigating, preparing, pursuing or settling any action or other proceeding (whether formal or informal) or threat thereof, whether or not in connection with pending or threatened litigation or arbitration and whether or not any Indemnified Party is a party (each, an "Action") and (b) in connection with enforcing such Indemnified Party's rights under this Agreement; provided, however, that in the event and only to the extent that it is finally judicially determined by a court of competent jurisdiction that the Losses of such Indemnified Party arose primarily because of the gross negligence, willful misconduct or fraud of such Indemnified Party, such Indemnified Party will promptly remit to the Company any amounts reimbursed under this paragraph.

Upon receipt by an Indemnified Party of notice of any Action, such Indemnified Party shall notify the Company in writing of such Action, but the failure to so notify shall not relieve the Company from any liability hereunder (a) if the Company had actual notice of such Action or (b) unless and only to the extent that such failure results in the forfeiture by the Company of substantial rights and defenses. The Company shall, if requested by Rothschild, assume the defense of any such Action including the employment of counsel reasonably satisfactory to Rothschild and will not, without the prior written consent of Rothschild, settle, compromise, consent or otherwise resolve or seek to terminate any pending or threatened Action (whether or not any Indemnified Party is a party thereto) unless such settlement, compromise, consent or termination (i) contains an express, unconditional release of each Indemnified Party from all liability relating to such Action and the engagement of Rothschild under this Agreement and (ii) does not include a statement as to, or an admission of fault, culpability or a failure to act by or on behalf of any Indemnified Party. Any Indemnified Party shall be entitled to retain separate counsel of its choice and participate in the defense of any Action in connection with any of the matters to which this

23017804v4

Rothschild Inc.
1251 Avenue of the Americas
New York, NY 10020
www.rothschild.com

Todd R. Snyder
Managing Director
Telephone 212 403-5246
Facsimile 212 403-5554
Email todd.snyder@us.rothschild.com

Agreement relates, but the fees and expenses of such counsel shall be at the expense of such Indemnified Party unless (x) the Company has failed promptly to assume the defense and employ counsel or (y) the named parties to any such Action (including any impleaded parties) include such Indemnified Party and the Company, and such Indemnified Party shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to the Company; provided that the Company shall not in such event be responsible under this Agreement for the fees and expenses of more than one firm of separate counsel (in addition to local counsel) in connection with any such Action in the same jurisdiction.

The Company agrees that if any right of any Indemnified Party set forth in the preceding paragraphs is finally judicially determined to be unavailable (except by reason of the gross negligence, willful misconduct or fraud of such Indemnified Party), or is insufficient to hold such Indemnified Party harmless against such Losses as contemplated herein, then the Company shall contribute to such Losses (a) in such proportion as is appropriate to reflect the relative benefits received by the Company and its creditors and stockholders, on the one hand, and such Indemnified Party, on the other hand, in connection with the transactions contemplated hereby, and (b) if (and only if) the allocation provided in clause (a) is not permitted by applicable law, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (a) but also the relative fault of the Company and such Indemnified Party and any other party. Benefits received by Rothschild shall be deemed to be equal to the compensation paid by the Company to Rothschild in connection with this Agreement. Relative fault shall be determined by reference to, among other things, whether any alleged untrue statement or omission or any other alleged conduct relates to information provided by the Company or other conduct by the Company (or the Company's employees or other agents) on the one hand or by Rothschild on the other hand.

The Company and the Committee also agree that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company or the Committee (or its members) for or in connection with advice or services rendered or to be rendered by any Indemnified Party pursuant to this Agreement, the transactions contemplated hereby or any Indemnified Party's actions or inactions in connection with any such advice, services or transactions except for and only to the extent that such Losses of the Company and/or the Committee are finally judicially determined by a court of competent jurisdiction to have arisen primarily because of the gross negligence, willful misconduct or fraud of such Indemnified Party in connection with any such advice, actions, inactions or services. The Company shall use its best efforts to require, as a condition of the Company releasing from liability any creditor or other party-in-interest in the case, that such creditor or other party-in-interest release all Indemnified Parties from all claims or other liabilities directly or indirectly in connection with, arising out of, based upon, or in any way related to the engagement of Rothschild under this Agreement or any transaction or conduct in connection therewith, provided that the Company shall not be required to obtain such release with respect to the gross negligence, willful misconduct or fraud of any Indemnified Party.

The rights of the Indemnified Parties hereunder shall be in addition to any other rights that any Indemnified Party may have at common law, by statute or otherwise. Except as otherwise expressly provided for in this Agreement, if any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and

restrictions contained in this Agreement shall all remain in full force and effect and shall in no way be affected, impaired or invalidated.  The reimbursement, indemnity and contribution obligations of the Company set forth herein shall apply to any modification of this Agreement and shall remain in full force and effect regardless of any termination of, or the completion of any Indemnified Party's services under or in connection with, this Agreement.