# Exhibit B

## Snyder Declaration

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEA LAUNCH COMPANY, L.L.C., *et al.*,[1] | ) | Case No. 09-12153 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: August 18, 2009 at 12:00 p.m.** |
| | ) | **Objection Deadline: August 11, 2009 at 4:00 p.m.** |

## DECLARATION OF TODD R. SNYDER IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROTHSCHILD INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEA LAUNCH COMPANY, L.L.C., ET AL., *NUNC PRO TUNC TO* JULY 15, 2009

I, Todd R. Snyder, being duly sworn, state the following under penalty of perjury.

1.      I am a Managing Director of the firm Rothschild Inc. ("Rothschild"), which has its principal office at 1251 Avenue of the Americas, 51st floor, New York, New York 10020. I am authorized to execute this declaration on behalf of Rothschild. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.      I submit this affidavit in support of the Application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Sea Launch Company, L.L.C., and affiliated debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sea Launch Company, L.L.C. (1590); Sea Launch Limited Partnership (Cayman) (8182); Sea Launch ACS Limited (5999); Sea Launch ACS Limited Partnership (Isle of Man) (6216); Platform LDC (3177); and Platform Limited Partnership (3173). The mailing address for all the Debtors is 2700 Nimitz Road, Long Beach, CA 90802.

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the employment and retention of Rothschild Inc. ("Rothschild") as investment banker and financial advisor to the Committee *nunc pro tunc* to July 15, 2009.

3. To the extent that any information disclosed herein requires amendment or modification upon Rothschild's completion of further analysis or as additional information becomes available to Rothschild, I intend to submit, or cause to be submitted, a supplemental affidavit to the Court reflecting the same.

## Rothschild's Qualifications

4. Rothschild is a member of one of the world's leading independent investment banking groups, with expertise in domestic and cross-border restructurings, mergers and acquisitions and other investment banking and financial advisory services and with particular experience in providing high-quality investment banking services to financially troubled companies and their creditors. Rothschild is highly qualified to advise on strategic alternatives and its professionals have extensive experience in deals involving complex financial and operational restructurings.

5. Rothschild's business reorganization professionals have advised debtors, creditors and other constituents in numerous other cases, including Atlantic Express Transportation Group, Barney's, Inc., Bedford Fair Industries, BHM Technologies Holdings, Inc., Bradlees', Inc., Cadence Innovation LLC, Comdisco, Inc., Crown Vantage, Inc., Delphi Corporation, Edison Brothers Stores, Inc., Federal Mogul Corp., Friedman's, Inc., Geneva Steel Company, Globe Manufacturing, Guilford Mills, Inc., Heartland Steel, HomePlace, Inc., Hilex Poly Co. LLC, International Wire Group, James River Coal Company, Key Plastics LLC, La Roche Industries, Inc., Leiner Health Products, Inc., Motor Coach Industries, Inc., Mpower Holdings Corp., New World Pasta Company, Northwest Airlines, Inc., Oxford Automotive, Inc., Pacific

2

Gas & Electric Company, Remy Worldwide Holdings, Inc., Service Merchandise Corp., Special Metals Corporation, Solutia, Inc., Superior Telecom Inc., The FINOVA Group Inc., Thermadyne Holdings Corp., Thorn Apple Valley, Inc., Tower Automotive, Trans World Airlines, Today's Man, Inc., UAL Corporation, Viasystems Group, Inc., WestPoint Stevens, Inc., Werner Holding Co. (DE), Inc., VeraSun Energy Corporation, Visteon Corporation, Wilcox & Gibbs, Inc. and Zenith Electronics, Inc.

6. It is not the general practice of investment banking firms, including Rothschild, to keep detailed time records similar to those customarily kept by attorneys. Notwithstanding the foregoing, Rothschild intends to file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court. Such applications will include time records setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date, in half-hour increments, by each such individual in rendering services on behalf of the Debtors. Rothschild will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Rothschild's applications for compensation and expenses will be paid by the Debtors, pursuant to the terms of the Engagement Letter, in accordance with the procedures established by the Court.

## Professional Compensation

7. Rothschild has provided and agrees to continue to provide assistance to the Committee in accordance with the terms and conditions set forth in the Application, the terms and conditions set forth in that certain engagement letter dated as of July 15, 2009 (including the exhibit thereto, the "Engagement Letter") attached as Exhibit 1 hereto.

3

8. The Committee, the Debtors and Rothschild have acknowledged that (i) the hours worked, (ii) the results achieved and (iii) the ultimate benefit to the Debtors' estate and creditors of the work performed in connection with the services provided under the Engagement Letter may be variable. The Committee and Rothschild have taken such factors into account in setting the fees set forth in the Engagement Letter.

9. The fee structure described in the Application and Engagement Letter is consistent with Rothschild's normal and customary billing practices for comparably-sized and complex cases, both in and out of court, involving the services to be provided in connection with these Chapter 11 cases. The compensation structure described in the Application and Engagement Letter was established to reflect the difficulty of the assignments Rothschild expects to undertake on behalf of the Committee.

10. Rothschild believes that the Fee Structure is both reasonable and market based.

11. As more fully described in the Engagement Letter, if the Application is granted, the Debtors will indemnify and hold Rothschild harmless against liabilities arising out of or in connection with its retention by the Committee except for any such liability for losses, claims, damages or liabilities that are finally judicially determined by a court of competent jurisdiction to have resulted primarily from the gross negligence, willful misconduct or fraud of Rothschild..

## Rothschild's Relationships With Parties In Interest

12. In connection with the preparation of this Declaration, Rothschild conducted a review of its conflicts check systems of the list of potential parties in interest (the "Interested Parties") that Rothschild received from the Committee "Master Conflicts List," a copy of which is attached hereto as Exhibit 2.

13. To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of Rothschild's retention are discovered or arise, I will use

4

reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

14. To the best of my knowledge, except as set forth on <u>Exhibit 3</u> hereto, Rothschild does not represent any entity other than the Committee having an adverse interest in connection with these cases.

15. Rothschild provides financial advice and investment banking services to an array of clients in the areas of restructuring and distressed debt. As a result, Rothschild has represented, and may in the future represent, certain Interested Parties in matters unrelated to these Chapter 11 cases, either individually or as part of representation of a committee of creditors or interest holders.

16. To the best of my knowledge and belief, neither Rothschild nor I, nor any other employee of Rothschild that will work on the Committee's engagement has any connection with or holds any interest adverse to the Committee or the Debtors' estates or the Interested Parties in the matters on which Rothschild is proposed to be retained, except (<u>i</u>) as set forth in <u>Exhibit 3</u> and (<u>ii</u>) as otherwise set forth below:

    (a)    Rothschild is a large investment banking firm and has likely provided services unrelated to the Debtors' Chapter 11 cases for companies and individuals that have conducted business in the past and/or currently conduct business with the Debtors, and who may be creditors of the Debtors. To the best of my knowledge, information and belief, Rothschild's services to these parties were and are wholly unrelated to these Chapter 11 cases.

    (b)    As part of its practice, Rothschild appears in numerous cases, proceedings, and transactions involving many different professionals, some of which may represent claimants and parties in interest in the Debtors' Chapter 11 cases. Furthermore, Rothschild has in the past and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to these cases. Based on my current knowledge of the professionals involved, and to the best of my knowledge and information, none of these business relationships represents an interest materially

5

adverse to the Committee or the Debtors' estates in matters upon which Rothschild is to be engaged.

(c) Rothschild, through the equity owners of its parent company, Rothschild North America Inc., has indirect affiliate relationships with numerous investment banking institutions located worldwide (the "Affiliated Entities"). However, none of the Affiliated Entities is being retained in connection with this engagement and none of the professionals or employees of the Affiliated Entities will provide services to the Committee in connection with this engagement. None of the professionals or employees of Rothschild has discussed or will discuss the Debtors' cases with any professional or employee of the Affiliated Entities. Thus, there has not been and will not be any flow of information between Rothschild and any Affiliated Entity with respect to any matter pertaining to the Debtors' Chapter 11 cases. Rothschild can make no representation as to the disinterestedness of the professionals or employees of the Affiliated Entities in respect of the Debtors' Chapter 11 cases.

17. To the best of my knowledge, other than one assignment that accounts for 5.33% of Rothschild's gross annual revenues, no individual assignment referenced on Exhibit 3 currently accounts for more than 1% of Rothschild's gross annual revenues.

18. If the Court approves Rothschild's retention, Rothschild will not accept any engagement or perform any service for any entity or person other than the Committee in these Chapter 11 cases. Rothschild will, however, continue to provide professional services to entities or persons that may be creditors or equity security holders of the Debtors or Interested Parties in these chapter 11 cases; *provided* that such services do not relate to, or have any direct connection with, these Chapter 11 cases or the Debtors.

19. I am not related or connected to and, to the best of my knowledge, no other professional of Rothschild who will work on this engagement is related or connected to, any United States Bankruptcy Judge for the District of Delaware, any of the District Judges for the District of Delaware who handle bankruptcy cases, or any employee in the Office of the United States Trustee for the District of Delaware.

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2009

By: _Todd Snyder_
Todd R. Snyder
Managing Director
Rothschild Inc.

7

## **Exhibit 1 to the Declaration**

## **Engagement Letter**

As of July 15, 2009

The Official Committee of Unsecured Creditors
in *In re* Sea Launch Company, L.L.C., *et al.*
c/o Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Attn: Abhilash M. Raval, Esq.

Ladies and Gentlemen:

      This letter (the "Agreement") will confirm the terms and conditions of the agreement by and among the Official Committee of Unsecured Creditors (the "Committee") of Sea Launch Company, L.L.C. ("Sea Launch" and together with its affiliated debtors and debtors-in-possession, the "Company"), appointed in the Company's bankruptcy case [Case No. 09-12153 (Jointly Administered)] (the "Bankruptcy Case") under Title 11 of the United States Code §§ 101 et seq. (the "Bankruptcy Code"), currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and Rothschild Inc. ("Rothschild") regarding the retention of Rothschild as financial advisor and investment banker to the Committee in connection with the Bankruptcy Case.

      Section 1    Services to be Rendered. In connection with the formulation, analysis and implementation of various options for a reorganization or other strategic alternative relating to the Company, whether pursuant to a Transaction (as defined below) or otherwise, Rothschild will perform the following services, and tasks related thereto, to the extent Rothschild deems necessary, appropriate and feasible and as requested by the Committee:

      (a)    evaluate the assets and liabilities of the Company, including the value thereof;

      (b)    analyze and review the financial and operating statements of the Company and its non-debtor affiliates;

      (c)    analyze the business plans and forecasts of the Company;

      (d)    evaluate the Company's liquidity, including financing alternatives;

      (e)    analyze and evaluate claims of, and causes of action against, the Company and its non-debtor affiliates;

      (f)    provide such specific valuation or other financial analyses as the Committee may reasonably request in connection with the Bankruptcy Case;

      (g)    analyze the debt capacity of the Company;

Rothschild Inc.
1251 Avenue of the Americas
New York, NY 10020
www.rothschild.com
23017804v4

Todd R. Snyder
Managing Director
Telephone 212 403-5246
Facsimile 212 403-5554
Email todd.snyder@us.rothschild.com

(h)    evaluate strategic alternatives of the Company as requested by the Committee;

(i)    represent the Committee in negotiations with the Company and third parties;

(j)    analyze any proposed Transaction to the Committee;

(k)    submit affidavits, appear in court and/or offer testimony in connection with the Bankruptcy Case, as reasonably requested by the Committee;

(l)    assist the Committee in determining an appropriate capital structure for the Company;

(m)    attend meetings between the Company and the Committee and advise the Committee in connection therewith; and

(n)    render such other financial advisory and related services as may be agreed upon from time to time by the Committee and Rothschild in connection with the foregoing.

As used herein, the term "Transaction" shall mean any one or more of the following, whether pursuant to a plan of reorganization or liquidation (a "Plan") consummated in connection with the Bankruptcy Case or otherwise: (a) any transaction or series of transactions that effects material amendments to, or other material changes in, any of the Company's outstanding indebtedness, trade claims, leases, unfunded pension and retiree medical liabilities, and/or other material liabilities (whether on or off balance sheet) that would, in the aggregate, result in the material improvement of the Company's financial condition; (b) (i) any merger, consolidation, reorganization, recapitalization, financing, refinancing, business combination or other transaction pursuant to which the Company (or control thereof) is acquired by, or combined with, any person, group of persons, partnership, corporation or other entity (an "Acquirer") or (ii) any acquisition, directly or indirectly, by an Acquirer (or by one or more persons acting together with an Acquirer pursuant to a written agreement or otherwise), through a credit bid or otherwise, whether in a single transaction, multiple transactions or a series of transactions, of (x) other than in the ordinary course of business, any material portion of the assets or operations of the Company or (y) any outstanding or newly-issued shares of the Company's capital stock or any securities convertible into, or options, warrants or other rights to acquire such capital stock or other equity securities of the Company, for the purpose of effecting a recapitalization or change of control of the Company; (c) other than in the ordinary course of business, any acquisition, directly or indirectly, by the Company, whether in a single transaction, multiple transactions or a series of transactions, any outstanding or newly-issued shares of another person's capital stock or any securities convertible into, or options, warrants or other rights to acquire such capital stock or other equity securities of another person, for the purpose of effecting a recapitalization or change of control of the other person; (d) any restructuring, reorganization, exchange offer, tender offer, refinancing or similar transaction, whether or not pursuant to a Plan; or (e) any transaction similar to any of the foregoing. In performing its services pursuant to this Agreement, and notwithstanding anything to the contrary herein, Rothschild is not assuming any responsibility either for the Company's or the Committee's decision to pursue (or not to pursue) or support (or not to support) any strategy or to effect (or not

to effect) any Transaction or other transaction. Rothschild shall not have any obligation or responsibility to provide accounting, audit, "crisis management" or business consultant services, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements nor shall Rothschild act in the official capacity of an appraiser of specific assets of the Company or any other party.

Section 2.   Information Provided by the Company.

(a)   The Committee acknowledges and agrees that, in rendering its services hereunder, Rothschild will be using and relying on information made available to it by the Company and its advisors (the "Information") (and information available from public sources) without independent verification thereof by Rothschild. Neither Rothschild nor the Committee assumes responsibility to each other for the accuracy or completeness of the Information or any other information regarding the Company.

(b)   The Committee acknowledges that in the course of this engagement it may be necessary for Rothschild and the Committee or Rothschild and Company to communicate electronically or for Rothschild to communicate with other parties. The Committee further acknowledges that although Rothschild will use commercially reasonable procedures to check for the most commonly known viruses, the electronic transmission of information cannot be guaranteed to be secure or error-free. Furthermore such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Rothschild shall have no liability to the Committee or the Company with respect to any error or omission arising from or in connection with: (i) the electronic communication of information to the Committee, the Company or other parties; or (ii) the Committee's reliance on such information.

(c)   All non-public Information concerning the Company which is given to Rothschild by the Company or the Committee will be used solely in the course of the performance of its services hereunder and will be treated confidentially by Rothschild for so long as it remains non-public. Except as otherwise required by law or judicial or regulatory process, Rothschild will not disclose this Information to a third party without the applicable party's consent. Notwithstanding the foregoing, all information concerning the Company shall be freely exchangeable between or among Rothschild and the members of the Committee and their respective advisors.

Section 3.   Application for Retention of Rothschild. The Committee shall apply promptly to the Bankruptcy Court pursuant to Sections 328(a) and 1103 of the Bankruptcy Code, applicable local rules and procedural orders of the Bankruptcy Court and procedural guidelines established by the Office of the United States Trustee, for approval of (a) this Agreement and (b) Rothschild's retention by the Committee under the terms of this Agreement (including, without limitation, the reimbursement of the fees, disbursements and other charges of Rothschild's counsel pursuant to

Section 5 hereof without the requirement that the retention of such counsel be approved by the Bankruptcy Court), nunc pro tunc to the date hereof, and shall use its reasonable best efforts to obtain Bankruptcy Court authorization thereof. The Committee shall use its reasonable best efforts to obtain such Bankruptcy Court approval and authorization subject only to the subsequent review by the Bankruptcy Court under the standard of review provided in Section 328(a) of the Bankruptcy Code, provided that review of the United States Trustee may be pursuant to the standard of review provided in Section 330 of the Bankruptcy Code, with the limitation that "reasonableness" be evaluated by comparing (among other things) the fees payable in the Bankruptcy Case to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and evaluated primarily on an hourly or length-of-case based criteria. The Committee shall supply Rothschild and its counsel with a draft of such application and any proposed order authorizing Rothschild's retention sufficiently in advance of the filing of such application and proposed order to enable Rothschild and its counsel to review and comment thereon. Rothschild shall have no obligation to provide any services under this Agreement unless Rothschild's retention under the terms of this Agreement is approved in the manner set forth above by a final order of the Bankruptcy Court no longer subject to appeal, rehearing, reconsideration or petition for certiorari, and which order is reasonably acceptable to Rothschild in all respects.

Rothschild acknowledges that in the event that the Bankruptcy Court approves its retention by the Committee, pursuant to the application process described in this Section 3, payment of Rothschild's fees and expenses shall be subject to (a) the jurisdiction and approval of the Bankruptcy Court and any order approving Rothschild's retention, (b) any applicable fee and expense guidelines and/or orders and (c) any requirements governing interim and final fee applications. In the event that Rothschild's engagement hereunder is approved by the Bankruptcy Court, the Company shall pay all fees and expenses of Rothschild hereunder as promptly as practicable in accordance with the terms hereof and the orders governing interim and final fee applications, and after obtaining all necessary further approvals from the Bankruptcy Court, if any.

In agreeing to seek Rothschild's retention under Section 328(a) of the Bankruptcy Code, the Committee acknowledges that it believes that Rothschild's general restructuring experience and expertise, its knowledge of the industry in which the Company operates and the capital markets and its merger and acquisition capabilities will inure to the benefit of the Committee and the Company, that the value of Rothschild's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the Monthly Fee, and the Completion Fee (each as defined below) are reasonable regardless of the number of hours expended by Rothschild's professionals in performance of the services provided hereunder.

    Section 4.  Fees of Rothschild.  As compensation for the services rendered to the Committee hereunder, the Company, and its successors, if any, shall pay Rothschild (via wire transfer or other mutually acceptable means) the following fees in cash, which fees are acceptable to the Committee:

            (a)    Commencing as of the date hereof, and whether or not a Transaction is proposed or consummated, a cash advisory fee (the "Monthly Fee") of $195,000 per month during the term hereof. The initial Monthly Fee shall be

pro-rated based on the commencement of services as of the date hereof and shall be payable by the Company upon the approval of the Bankruptcy Court of this Agreement, and thereafter the Monthly Fee shall be payable by the Company in advance on the first day of each month.

(b) A fee (the "Completion Fee") of $2,950,000 payable by the Company in cash upon the earlier of (i) the effectiveness of a Plan or (ii) the consummation of another Transaction, provided that Rothschild shall only be entitled to receive one Completion Fee.

(c) To the extent the Committee requests Rothschild to perform additional services not contemplated by this Agreement, such additional fees shall be mutually agreed upon by Rothschild and the Committee, in writing, in advance.

The Company's obligation to make any payments hereunder shall be subject to Bankruptcy Court approval.

Each of the Committee and Rothschild acknowledge and agree that (i) the hours worked, (ii) the results achieved and (iii) the ultimate benefit to the Committee and the Company of the work performed, in each case, in connection with this engagement, may be variable, and that the Committee and Rothschild have taken such factors into account in setting the fees hereunder.

Neither the Committee, its constituents, nor any of its advisors or professionals, shall be directly liable for the fees, expenses or other amounts payable to Rothschild hereunder or in connection with the matters contemplated herein. Notwithstanding such arrangement, Rothschild's duties hereunder run solely to the Committee, and Rothschild is not authorized to be, and will not purport to be, acting on behalf of, or at the direction of the Company for any purpose. All financial advice, written or oral, provided by Rothschild to the Committee pursuant to this Agreement is intended solely for the use and benefit of the Committee and its members (solely in their capacity as members of the Committee) and the Committee agrees that such advice may not be disclosed publicly or made available to third parties without the prior written consent of Rothschild (which consent shall not be unreasonably withheld); provided that the foregoing shall not be construed to restrict the Committee from complying with Section 1102(b)(3) of the Bankruptcy Code.

Section 5. Expenses. Without in any way reducing or affecting the provisions of Exhibit A hereto, the Company shall reimburse Rothschild for its expenses incurred in connection with the performance of its engagement hereunder and the enforcement of this Agreement including, without limitation, the fees, disbursements and other charges of Rothschild's counsel (without the requirement that the retention of such counsel be approved by the Bankruptcy Court). Reimbursable expenses shall also include, but not be limited to, expenses incurred in connection with travel and lodging, data processing and communication charges, research and courier services. Consistent with and subject to any applicable order or rules of the Bankruptcy Court, the Company shall promptly reimburse Rothschild for expenses under this Section 5 upon presentation of an invoice or other similar documentation with reasonable detail.

Section 6.   Indemnity.   The Committee agrees to the provisions of Exhibit A hereto which provide for indemnification by the Company of Rothschild and certain related persons. Such indemnification is an integral part of this Agreement and the terms thereof are incorporated by reference as if fully stated herein. Such indemnification shall survive any termination, expiration or completion of this Agreement or Rothschild's engagement hereunder.

Section 7.   Term.   The term of Rothschild's engagement shall commence on the date hereof and shall extend until the earlier of (i) the effectiveness of a Plan and (ii) the consummation of another Transaction. This Agreement may be terminated by either the Committee or Rothschild by providing thirty (30) days advance notice in writing. If terminated, (a) Rothschild shall be entitled to reimbursement of any and all reasonable expenses described in Section 5, and (b) Rothschild shall be entitled to payment of any fees which are due and owing to Rothschild upon the effective date of termination (including, without limitation, any additional Monthly Fees required by Section 4(b) hereof), in each case subject to Bankruptcy Court approval; provided, that the final Monthly Fee will be pro-rated for any incomplete monthly period of service. Termination of Rothschild's engagement hereunder shall not affect or impair the Company's continuing obligation to indemnify Rothschild and certain related persons as provided in Exhibit A. Without limiting any of the foregoing, the Completion Fee shall be payable in the event that (a) as applicable, a Transaction is consummated at any time prior to the expiration of 1 year after a termination of this Agreement by the Committee, or (b) a letter of intent or definitive agreement with respect thereto is executed at any time prior to 1 year after a termination of this Agreement by the Committee (which letter of intent or definitive agreement subsequently results in the consummation of a Transaction at any time). In the event a Completion Fee is payable in connection with a Transaction consummated after such termination, Rothschild will file an application in accordance with the applicable terms hereof and the orders governing interim and final fee applications.

Section 8.   Miscellaneous.

(a)   *Survival, Successors & Assigns.*   Sections 4 through 8 hereof, inclusive, including the provisions set forth in Exhibit A hereto, shall survive the termination or expiration of this Agreement; provided that the survival of Section 4 shall be subject to Section 7 hereof. The benefits of this Agreement and the indemnification and other obligations of the Company to Rothschild and certain related persons contained in Exhibit A hereto shall inure to the respective successors and assigns of the parties hereto and thereto and of the indemnified parties, and the obligations and liabilities assumed in this Agreement and Exhibit A by the parties hereto and thereto shall be binding upon their respective successors and assigns.

(b)   *Benefit of Agreement; No Reliance by Third Parties.*   The advice (oral or written) rendered by Rothschild pursuant to this Agreement is intended solely for the benefit and use of the Committee and its professionals in considering the matters to which this Agreement relates, and the Committee agrees that such advice may not be relied upon by any other person, used for any other purpose or reproduced, disseminated, quoted or referred to at any time, in any manner or for any purpose without the prior written consent of Rothschild (which consent shall not be unreasonably withheld);

provided that the foregoing shall not be construed to restrict the Committee from complying with Section 1102(b)(3) of the Bankruptcy Code

(c) *Nature of Relationship.* The relationship of Rothschild to the Committee hereunder shall be that of an independent contractor and Rothschild shall have no authority to bind, represent or otherwise act as agent, executor, administrator, trustee, lawyer or guardian for the Company or Committee, nor shall Rothschild have the authority to manage money or property of the Company. The parties hereto acknowledge and agree that by providing the services contemplated hereunder, Rothschild will not act, nor will it be deemed to have acted, in any managerial or fiduciary capacity whatsoever with respect to the Committee or Company or any third party including, without limitation, security holders, creditors or employees of the Committee's members.

(d) *Rothschild Affiliates.* Rothschild, through the equity owners of its parent company, Rothschild North America Inc., has indirect affiliate relationships with numerous investment banking institutions located worldwide (the "Affiliated Entities"). None of the Affiliated Entities is being retained hereunder nor will any professionals or employees of the Affiliated Entities provide services to the Company in connection with the matters contemplated hereby. The Affiliated Entities are involved in a wide range of investment banking and other activities. Rothschild can make no representation as to the "disinterestedness" (as defined in the Bankruptcy Code) of the professionals or employees of the Affiliated Entities. Information that is held by the Affiliated Entities will not for any purpose be taken into account in determining Rothschild's responsibilities to the Committee hereunder. None of the Affiliated Entities will have any duty to disclose to the Committee, the Company or any other party, or utilize for the Committee's benefit, any non-public information acquired in the course of providing services to any other person engaging in any transaction or otherwise carrying on its business.

(e) *Required Information.* Since Federal law requires Rothschild to obtain, verify, and record information that identifies any entity not listed on the New York Stock Exchange, the American Stock Exchange or whose common stock or equity interests have not been designated as a National Market System security listed on the NASDAQ stock market that enters into a formal relationship with it, the Committee agrees to provide Rothschild with their tax or other similar identification number and/or other identifying documents, as Rothschild may request, to enable it to comply with applicable law. For your information, Rothschild may also screen the Committee members against various databases to verify their identities.

(f) *Public Announcements.* The Committee acknowledges that Rothschild may at its option and expense, after announcement of a Transaction, place announcements and advertisements or otherwise publicize a Transaction in such financial and other newspapers and journals as it may choose, stating that Rothschild acted as financial advisor to the Committee in connection with such transaction.

(g) *CHOICE OF LAW: JURISDICTION.*  THIS AGREEMENT HAS BEEN NEGOTIATED, EXECUTED AND DELIVERED AT AND SHALL BE DEEMED TO HAVE BEEN MADE IN NEW YORK, NEW YORK.  THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO SUCH STATE'S PRINCIPLES OF CONFLICTS OF LAWS.  REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH SUCH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY AND ALL CLAIMS OR DISPUTES BETWEEN THE PARTIES HERETO PERTAINING TO THIS AGREEMENT OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE BROUGHT IN THE BANKRUPTCY COURT OR ANY COURT HAVING APPELLATE JURISDICTION OVER THE BANKRUPTCY COURT.  BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT. EACH PARTY HERETO HEREBY WAIVES ANY OBJECTION WHICH IT MAY HAVE BASED ON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS AND HEREBY CONSENTS TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY SUCH COURT.  EACH PARTY CONSENTS TO THE SERVICE OF PROCESS IN ACCORDANCE WITH NEW YORK LAW, AND AGREES THAT THE SIGNATORY IDENTIFIED ON THE SIGNATORY PAGE HEREOF (IN THE CASE OF ROTHSCHILD), AND THE ADDRESSEE OF THIS LETTER (IN THE CASE OF THE COMMITTEE) SHALL BE AUTHORIZED TO ACCEPT SERVICE ON ITS BEHALF.

(h) *Waiver of Jury Trial.*  Each of the parties hereto hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim upon, arising out of or in connection with this Agreement or any Transaction. Each of the parties hereto hereby certifies that no representative or agent of any other party hereto has represented expressly or otherwise that such party would not seek to enforce the provisions of this waiver.  Each of the parties hereto hereby acknowledges that it has been induced to enter into this Agreement by and in reliance upon, among other things, the provisions of this paragraph.

(i) *Entire Agreement.*  This Agreement, including the exhibit(s) hereto, embodies the entire agreement and understanding of the parties hereto and supersedes any and all prior agreements, arrangements and understandings, either oral or written, relating to the matters provided for herein.  No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each of the parties hereto.

(j) *Authority.*  Each party hereto represents and warrants that it has all requisite power and authority to enter into this Agreement and Exhibit A attached hereto and the transactions contemplated hereby.  Each party hereto further represents that this

Agreement has been duly and validly authorized by all necessary corporate action and has been duly executed and delivered by each of the parties hereto and constitutes the legal, valid and binding agreement thereof, enforceable in accordance with its terms. Rothschild will assume that any instructions, notices or requests have been properly authorized by the Committee if they are given or purported to be given by, or is reasonably believed by Rothschild to be a director, officer, employee or authorized agent.

(k) *Counterparts*. This Agreement may be executed in as many counterparts as may be deemed necessary and convenient, and by the different parties hereto on separate counterparts, each of which when so executed shall be deemed an original, but all such counterparts shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Agreement by telecopier shall be effective as delivery of a manually executed counterpart to this Agreement.

(l) *Notices*. Any notice given pursuant to, or relating to, this Agreement shall be in writing and shall be mailed or delivered by courier (a) if to the Committee, at the address set forth above, and (b) if to Rothschild, to Rothschild Inc., 1251 Avenue of the Americas, 51st Floor, New York, New York 10020, Attention: Todd R. Snyder, with a copy to Rothschild Inc., 1251 Avenue of the Americas, 51st Floor, New York, New York 10020, Attention: General Counsel.

(m) Rothschild's compensation as set forth herein and payments made pursuant to reimbursement and indemnification provisions of this Agreement shall be entitled to priority as expenses of administration under Sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code and shall be entitled to the benefits of any "carve-outs" for professional fees and expenses in effect in the Bankruptcy Case pursuant to one or more financing orders entered by the Bankruptcy Court.

The Official Committee of Unsecured Creditors in *In re* Sea Launch Company, L.L.C., *et al.*
As of July 15, 2009

Page 10

If the foregoing correctly sets forth the understanding and agreement among the parties hereto, please so indicate by signing the enclosed copy of this letter, whereupon it shall become a binding agreement between the parties hereto as of the date first above written.

Very truly yours,

ROTHSCHILD INC.

By: *Todd Snyder*

Todd R. Snyder
Managing Director

Accepted and Agreed to
as of the date first written above:

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN *IN RE* SEA LAUNCH COMPANY, L.L.C., *ET AL.*

On behalf of the Committee by:

By:_____
    Name:
    Title:

If the foregoing correctly sets forth the understanding and agreement among the parties hereto, please so indicate by signing the enclosed copy of this letter, whereupon it shall become a binding agreement between the parties hereto as of the date first above written.

Very truly yours,

ROTHSCHILD INC.

By:_____
　　　Todd R. Snyder
　　　Managing Director

Accepted and Agreed to
as of the date first written above:


THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN *IN RE* SEA LAUNCH COMPANY, L.L.C., *ET AL.*

On behalf of the Committee by:

By:_____
　　　Name:
　　　Title:

## Exhibit A

The Company shall indemnify and hold harmless Rothschild and its affiliates, counsel and other professional advisors, and the respective directors, officers, controlling persons, agents and employees of each of the foregoing (Rothschild and each of such other persons, an "Indemnified Party" and, collectively, the "Indemnified Parties"), from and against any losses, claims or proceedings, including, without limitation, stockholder actions, damages, judgments, assessments, investigation costs, settlement costs, fines, penalties, arbitration awards and any other liabilities, costs, fees and expenses (collectively, "Losses") (a) directly or indirectly related to or arising out of oral or written information provided by the Company, the Company's employees or other agents, which either the Company or an Indemnified Party provides to any person or entity; or (b) otherwise directly or indirectly in connection with, arising out of, based upon, or in any way related to the engagement of Rothschild under this Agreement or any transaction or conduct in connection therewith, provided that the Company shall not be required to indemnify any Indemnified Party for such Losses if and only to the extent that it is finally judicially determined by a court of competent jurisdiction that such Losses arose primarily because of the gross negligence, willful misconduct or fraud of such Indemnified Party. If multiple claims are brought against an Indemnified Party, with respect to at least one of which indemnification is permitted under applicable law and provided for under this Agreement, the Company agrees that any judgment or award against such Indemnified Party shall be conclusively deemed to be based on claims as to which indemnification is permitted and provided for, except to the extent the judgment or award expressly states that it, or any portion thereof, is based on a claim as to which indemnification is not available.

The Company shall further reimburse any Indemnified Party promptly after obtaining the necessary approval of the Bankruptcy Court, if any, for any legal or other fees, disbursements or expenses as they are incurred (a) in investigating, preparing, pursuing or settling any action or other proceeding (whether formal or informal) or threat thereof, whether or not in connection with pending or threatened litigation or arbitration and whether or not any Indemnified Party is a party (each, an "Action") and (b) in connection with enforcing such Indemnified Party's rights under this Agreement; provided, however, that in the event and only to the extent that it is finally judicially determined by a court of competent jurisdiction that the Losses of such Indemnified Party arose primarily because of the gross negligence, willful misconduct or fraud of such Indemnified Party, such Indemnified Party will promptly remit to the Company any amounts reimbursed under this paragraph.

Upon receipt by an Indemnified Party of notice of any Action, such Indemnified Party shall notify the Company in writing of such Action, but the failure to so notify shall not relieve the Company from any liability hereunder (a) if the Company had actual notice of such Action or (b) unless and only to the extent that such failure results in the forfeiture by the Company of substantial rights and defenses. The Company shall, if requested by Rothschild, assume the defense of any such Action including the employment of counsel reasonably satisfactory to Rothschild and will not, without the prior written consent of Rothschild, settle, compromise, consent or otherwise resolve or seek to terminate any pending or threatened Action (whether or not any Indemnified Party is a party thereto) unless such settlement, compromise, consent or termination (i) contains an express, unconditional release of each Indemnified Party from all liability relating to such Action and the engagement of Rothschild under this Agreement and (ii) does not include a statement as to, or an admission of fault, culpability or a failure to act by or on behalf of any Indemnified Party. Any Indemnified Party shall be entitled to retain separate counsel of its choice and participate in the defense of any Action in connection with any of the matters to which this

23017804v4

Rothschild Inc.
1251 Avenue of the Americas
New York, NY 10020
www.rothschild.com

Todd R. Snyder
Managing Director
Telephone 212 403-5246
Facsimile 212 403-5554
Email todd.snyder@us.rothschild.com

Agreement relates, but the fees and expenses of such counsel shall be at the expense of such Indemnified Party unless (x) the Company has failed promptly to assume the defense and employ counsel or (y) the named parties to any such Action (including any impleaded parties) include such Indemnified Party and the Company, and such Indemnified Party shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to the Company; provided that the Company shall not in such event be responsible under this Agreement for the fees and expenses of more than one firm of separate counsel (in addition to local counsel) in connection with any such Action in the same jurisdiction.

The Company agrees that if any right of any Indemnified Party set forth in the preceding paragraphs is finally judicially determined to be unavailable (except by reason of the gross negligence, willful misconduct or fraud of such Indemnified Party), or is insufficient to hold such Indemnified Party harmless against such Losses as contemplated herein, then the Company shall contribute to such Losses (a) in such proportion as is appropriate to reflect the relative benefits received by the Company and its creditors and stockholders, on the one hand, and such Indemnified Party, on the other hand, in connection with the transactions contemplated hereby, and (b) if (and only if) the allocation provided in clause (a) is not permitted by applicable law, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (a) but also the relative fault of the Company and such Indemnified Party and any other party. Benefits received by Rothschild shall be deemed to be equal to the compensation paid by the Company to Rothschild in connection with this Agreement. Relative fault shall be determined by reference to, among other things, whether any alleged untrue statement or omission or any other alleged conduct relates to information provided by the Company or other conduct by the Company (or the Company's employees or other agents) on the one hand or by Rothschild on the other hand.

The Company and the Committee also agree that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company or the Committee (or its members) for or in connection with advice or services rendered or to be rendered by any Indemnified Party pursuant to this Agreement, the transactions contemplated hereby or any Indemnified Party's actions or inactions in connection with any such advice, services or transactions except for and only to the extent that such Losses of the Company and/or the Committee are finally judicially determined by a court of competent jurisdiction to have arisen primarily because of the gross negligence, willful misconduct or fraud of such Indemnified Party in connection with any such advice, actions, inactions or services. The Company shall use its best efforts to require, as a condition of the Company releasing from liability any creditor or other party-in-interest in the case, that such creditor or other party-in-interest release all Indemnified Parties from all claims or other liabilities directly or indirectly in connection with, arising out of, based upon, or in any way related to the engagement of Rothschild under this Agreement or any transaction or conduct in connection therewith, provided that the Company shall not be required to obtain such release with respect to the gross negligence, willful misconduct or fraud of any Indemnified Party.

The rights of the Indemnified Parties hereunder shall be in addition to any other rights that any Indemnified Party may have at common law, by statute or otherwise. Except as otherwise expressly provided for in this Agreement, if any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and

restrictions contained in this Agreement shall all remain in full force and effect and shall in no way be affected, impaired or invalidated. The reimbursement, indemnity and contribution obligations of the Company set forth herein shall apply to any modification of this Agreement and shall remain in full force and effect regardless of any termination of, or the completion of any Indemnified Party's services under or in connection with, this Agreement.

**Exhibit 2 to the Declaration**

**Potential Parties in Interest**

## Potential Parties in Interest

### DEBTORS

- Platform Company, LDC
- Platform Limited Partnership
- Sea Launch ACS Limited
- Sea Launch ACS Limited Partnership
- Sea Launch Company, L.L.C.
- Sea Launch Limited Partnership

### EQUITY HOLDERS[1]

- Boeing Commercial Space and Communications
- KB Yuzhnoye
- Kvaerner ASA
- Aker ASA
- Kvaerner Sea Launch Ltd.
- Kvaerner US Sea Launch Inc.
- PA Yuzhny Mashinostroitelny
- PO Yuzhnoye Mashinostroitel Ny Zavod P.A.
- S.P. Korolev Rocket and Space Corporation Energia a/k/a R.S.C. Energia
- Yuzhnoye State Design Office

---

[1] This list includes all known iterations and spellings of the names of the Debtors' equity holders.

# CREDITORS

- Allstate Insurance Company
- Allstate Life Insurance Company
- Allstate Investments, LLC
- Alston & Bird LLP
- American Express CPC
- AmeriGas
- Ampco System Parking
- Antonina Yemelianova
- Aramark Cleanroom Services
- Astrotech Space Operations Inc
- Babson Capital Management LLC
- Bamko Promotional Items
- Banca di Roma - San Francisco Branch
- Banco Bilbao Vizcaya Argentaria S.A.
- Barber Moss Ship Mgmt
- Barwil Ukraine Ltd
- Bayerische Landesbank
- Bell Helicopter
- Beneficial Admin Company Inc.
- Blue Shield of California
- Boeing - IDS
- Boeing Commercial Space Company
- C T Corporation System
- C.M. Life Insurance Co
- California Landcare
- Calyon
- Calyon Securities (USA) Inc.
- CBIZ Benefits & Insurance Svcs
- Cessna Finance Corporation
- Citibank
- Citicorp USA, Inc.
- Citigroup
- City National Bank
- City of Long Beach
- CM Life Segment 43
- Comforce Technical Service
- Copy R Office Solutions
- CT Corporation System
- Dazzle, Inc.
- DBTM
- De Lage Landen Financial Svcs
- Defense Energy Support Center
- Delaware Secretary of State
- Deloitte & Touche LLP
- Delta Dental
- Det Norske Veritas
- Deutsche Bank AG
- DFAS - 30 SW Controller
- DHL Global Forwarding
- Diran Visa Service
- DirecTV
- Dish Network, LLC
- Emerald Isle Tropical Plants
- Emmert Industrial Corporation
- Energia
- Enterprise Rent-a-Car
- Equity Limited
- Executive Express, Inc.
- Federal Express
- Global Security Mgmt Agency

- Grainger, Inc.
- Grapevine Investimentos
- Guage Repair Services
- Hartford Life Ins - G06620
- Hartford Life Ins - G10331
- Hartford Life Insurance Company
- Hartford Investment Management Company
- Heidi Bertha Pedersen
- Hill Crane, Inc.
- Honeywell ACS - Service
- Hughes Network Systems, LLC
- ING Bank N.V.
- Interagency Fire Aviation
- Interscan Corporation
- Jan Skolmli Limited
- John S. Meek Company, Inc.
- Joseph J Martinelli
- JP Morgan Chase Bank, N.A.
- JR Building Maintenance
- Kaalbye Shipping Int'l Ltd
- KB Yuzhnoye
- Keesal, Young & Logan
- KPMG, LLP
- Kvaerner Sea Launch Limited
- Kvaerner US Sea Launch Inc
- Legacy Partners II LB
- Luca Balestra
- Marsh USA Inc.
- Massachusetts Mutual Life Insurance Co.
- MassMutual IFM Non-Traditional
- MassMutual Pension Mgmnt
- MassMutual Unified Traditional
- Matthew Carter
- Maurice D. Sobajian
- National Fire Protection Assoc
- Nightline, Inc.
- PDS Technical Services, Inc.
- Penn Intermodal Leasing Inc.
- Pinkerton Government Services
- Pitney Bowes Global Financial Services
- PNC Bank, National Association
- PO Yuzhnye Mashinostroitelny Zavod PA (Yuzhmash)
- Port of Long Beach
- PricewaterhouseCoopers LLP
- Purchase Power
- Quality Refrigeration, Inc.
- Radio Holland Inc.
- Residence Inn Torrance
- Rineco Chemical Industries
- Rosoboronexport
- Russian Consulate General
- Ryan & Company
- S. P. Korolev Rocket and Space Corporation Energia
- Safeshred Co. Inc.
- Sanpaolo IMI S.p.A.
- Seaside Marine Int'l Drug Co
- Semco Maritime
- SIGCO, Inc.
- SKYTEL
- Societe Generale

- Southern California Edison
- Space International Ltd
- Sparkletts
- Sprint
- Sprint Data Services
- Sprint PCS
- Staples Inc.
- State Board of Equalization
- State Compensation Insurance Fund
- Stevens Group
- Subsea Solutions, Inc.
- Sumitomo Mitsui Banking Corp.
- Tank Leasing Company LLC
- The Casey Company
- The Chase Manhattan Bank
- Thorp Alberga
- Thyssen Krupp Elevator Company
- TSENKI
- Ukroboronservice State Enterprise
- United Parcel Service
- United Site Services of California, Inc.
- University of Wisconsin - Madison Bursar's Office
- Unum Life Insurance Company of America
- Urban Feet Inc.
- V. Legostaev
- VariView Technology LLC
- Verizon
- Verizon NJ
- Verizon California
- Vinson & Elkins
- Vopak Logistics N.A. Inc.
- Vopak Terminal Long Beach Inc.
- Wachovia Bank, N.A.
- Waste Management -LA Metro
- Western Exterminator Co.
- Wilh. Wilhelmsen ASA
- World Trade LLC
- Yuzhnoye Design Office
- Zurich Insurance

## COMMITTEE MEMBERS

- Hughes Network Systems, LLC
- Intelsat, Ltd.
- SES Americom, Inc.
- Sirius XM Satellite Radio Inc.
- SkyTerra LP

## EMPLOYEES

- Alexander Prilutsky
- Alla Woodward
- Andreas Syrengelas
- Brett Carman
- Carol Munemura
- Clifton Barber
- Daniel Castro
- David Pokorski
- Denice Martinez
- Dennis Wiessner
- Diana Greenwood
- Edward Perez
- Ekaterina Peppler
- Elena Gray
- Elena Torjkov
- Elizabeth Ronnau
- Elvira Lago
- Frank VanBuskirk
- Heather Vaillancourt
- Hung P. Nugyen
- Irina Masinovsky
- Irina Zotova Brand

- Ivan Klychnik
- James Hedgecock
- James Hyland
- Jennifer Sisemore
- Jeremy Calderon
- Jerry Snyder
- Judy Halbrook
- Kjell Karlsen
- Larisa Adelman
- Lisa Izumi
- Mellissa Arriola
- Michael Fryar
- Natasha Blade
- Pedro Michel
- Raymundo Rendon
- Rose Gurr
- Sergio Palau
- Suzanne Lauderback
- Suzanne Romero
- Terra Lynn Duran
- Thomas Mullen
- Timothy Coakley
- Keesal, Young & Logan
- KPMG, LLP
- PricewaterhouseCoopers LLP
- Ryan & Company
- Thorp Alberga
- Vinson & Elkins
- Young Conaway Stargatt

## DEBTORS' PROFESSIONALS

- Alston & Bird LLP
- Deloitte & Touche LLP
- Epiq Bankruptcy Solutions, LLC
- Equity Limited
- Jefferies
- & Taylor LLP

## EQUITY HOLDERS' PROFESSIONALS

- Blank Rome LLP
- Bugge, Arentz-Hansen & Rasmussen
- Kirkland & Ellis LLP
- Richards, Layton & Finger
- Salans

## COMMITTEE'S AND COMMITTEE MEMBERS' PROFESSIONALS

- Ashby & Geddes, P.A.
- Herrick, Feinstein LLP
- Hogan & Hartson LLP
- Morris, Nichols, Arsht & Tunnell LLP
- Womble Carlyle Sandridge & Rice PLLC
- Rothschild Inc.

## GOVERNMENTAL AGENCIES

- California Regional Office
- Department of the Treasury
- Environmental Protection Agency
- Federal Aviation Administration
- Franchise Tax Board
- Internal Revenue Service Center
- Internal Revenue Service Insolvency Section
- Los Angeles County Tax Collector
- Okanogan County Treasurer
- Secretary of State Division of Corporations
- Secretary of State Franchise Tax Division
- State Board of Equalization
- U.S. Department of Defense

- US Department of State

## POTENTIAL PARTIES IN INTEREST

- ACE
- ACE Group
- ACE Indemnity Insurance Company
- ACE USA
- AIG Europe (UK) Ltd.
- AIG Global Marine
- Aker
- Allstate
- Arch Insurance Co.
- Arianespace
- AXA Corporate Solutions Assurance SA
- Baikonur Space Center
- Beneficial Administration Company
- Boeing
- Boeing Capital Corporation
- Boeing Satellite Systems
- California Broadcast Center, LLC
- Charles Taylor & Co (Bermuda)
- Charles Taylor & Co Limited
- Charles Taylor Consulting plc
- Commerce and Industry Insurance Company
- Corporacion de Radio y Television del Norte de Mexico
- Corporacion Novamagen SrL de CV
- Corposacion Novavision SrL de CV
- Debevoise & Plimpton LLP
- DHL
- DIRECTV
- DirecTV
- DIRECTV Latin America Sports, LLC
- DTH
- DTH TechCo Partners

- DTV
- DTVG
- DTVI TWO, Inc.
- DTVLA Mexico Investment Holdings, Inc.
- Elizabeth Taylor
- Factory Mutual Insurance Company
- Fireman's Fund Insurance Company
- First DTV Mauritius Ltd.
- Fortis Corporate Insurance NV
- Galaxy Brasil Ltda.
- Galaxy Latin America
- GAREX
- GLA Brasil Ltda.
- GLB Brazil Telecommunicacoes Ltda.
- Global Aerospace Underwriting Managers
- Goldman Agent Private Limited
- Groupement D'Assurances De Risques Exceptionnels
- Grupo Galaxy Mexicana, S.R.L. de C.V.
- HOT Telecommunications
- Indemnity Insurance Company of North America
- Innova Holdings S. de R.L. de CV
- Innova S. de R.L. de CV
- International Aerospace
- Jayme Lamthere
- LABC
- Latin America Sports, LLC
- Liz Taylor
- Los Angeles County
- Marsh
- Marsh Ltd.
- Marsh Risk & Insurance Services

- Marsh USA Inc.
- Mashinostroitel
- Mashinostroitelny
- Max California Insurance Services
- MCOP Holdings, Inc.
- Multi-Country DTH Holdings LLC
- National Fire & Liability Company
- National Union Fire Insurance Company of Pittsburgh, PA
- Navigators California Insurance Services, Inc.
- Navigators Insurance Company
- News America DTH TechCo. Inc.
- One World Trade Center
- Platform
- Potter Anderson & Corroon LLP
- Promancor, S.A.
- Rothschild
- S.P. Korolev Rocket and Space Corporation Energia
- Servicios Corporativos de Telefonia SrL de CV
- Servicios Galaxy Sat III R, C.A.
- Servicios Novasst SrL de CV
- Sky Argentina
- Sky Brasil Servicios Ltda.
- Sky Chile
- Sky Colombia S.A.
- Sky Entertainment Venezuela SA
- Sky Multi-Country Partners
- Sky Sistemas Argentina SRL
- Sky Venezuela DTH Holdings LLC
- Starr Marine Agency of California
- State National Insurance Company, Inc.
- State of California/California State

- The Standard Steamship Owners' Protection and Indemnity Association (Bermuda), Limited
- United States Aviation Underwriters
- XL Aerospace
- XL Marine & Offshore Energy
- XL Specialty Insurance Company
- Yuzhnoye State Design Office
- Yuzhnoye State Design Office/Yuzhnoye
- Zurich American Insurance
- Zurich American Insurance Company
- Zurich Insurance Company

**Exhibit 3 to the Declaration**

**Relationships With Potential Parties in Interest**

# EXHIBIT 3 TO SNYDER DECLARATION

| Party in Interest | Entity with which RINC has a Connection | Nature of Connection |
|---|---|---|
| AIG Europe (UK) Ltd.; AIG Global Marine | AIG, Inc.; AIG Highstar Capital Inc. | Various client pitches by RINC—all subsequently abandoned |
| Aker ASA | Aker Group | Client pitch by RINC affiliate—subsequently abandoned |
| American Express CPC | American Express Company | RINC vendor |
| AXA Corporate Solutions Assurance SA | AXA Private Equity; AXA Germany; AXA Group; AXA Asia Pacific; AXA Investment Management | Clients of various RINC affiliates—no active mandates |
| Boeing; Boeing Capital Corporation; Boeing Commercial Space and Communications; Boeing-IDS; Boeing Commercial Space Company; Boeing Satellite Systems | The Boeing Company | Client pitch by RINC affiliate—pitch is unrelated to the Debtors |
| Citibank; Citicorp USA, Inc.; Citigroup | Citigroup Mezzanine Fund III, L.P. | RINC was mandated on a transaction unrelated to the Debtors in which Citigroup Mezzanine Fund III, L.P. was listed as a potential participant and/or interested party—the mandate has been completed |
| Debevoise & Plimpton LLP | Debevoise & Plimpton LLP | RINC vendor |
| Deloitte & Touche LLP | Deloitte & Touche LLP | RINC vendor |
| Department of the Treasury | U.S. Department of the Treasury | RINC is currently providing advisory services to the U.S. Department of the Treasury on matters unrelated to the Debtors |
| Deutsche Bank AG | Deutsche Bank AG; Deutsche Bank Asset Management | Client of various RINC affiliates—two active mandates unrelated to the Debtors<br><br>Client pitch by RINC—subsequently abandoned |

RINC has limited its search to the Parties in Interest provided by the Committee. Affiliates, subsidiaries or parent companies of Parties in Interest have not been searched unless specifically noted.

23018656v2

# EXHIBIT 3 TO SNYDER DECLARATION

| Party in Interest | Entity with which RINC has a Connection | Nature of Connection |
|---|---|---|
| DirecTV; DIRECTV; DIRECTV Latin America Sports, LLC | DirecTV | Various pitches by RINC—the pitches are unrelated to the Debtors |
| Federal Express | Federal Express | RINC vendor |
| Fortis Corporation Insurance NV | Fortis; Fortis NV; Fortis Turkey | Client of various RINC affiliates—no active mandates |
| Honeywell ACS – Service | Honeywell | Various client pitches by RINC affiliates—all subsequently abandoned |
| Hughes Network Systems, LLC | Hughes Communications Inc. | Client pitch by RINC—unrelated to the Debtors |
| ING Bank N.V. | ING Industrial Fund; INC Real Estate | Various client pitches by RINC to ING Industrial Fund—all subsequently abandoned |
| | | RINC affiliate currently mandated in a matter involving the ING Real Estate Fund unrelated to the Debtors |
| Innova Holdings S. de R.L. de CV; Innova S. de R.L. de CV | Innova Capital | Client pitch by RINC affiliate—subsequently abandoned |
| Intelsat, Ltd. | Intelsat, Ltd. | Client pitch by RINC—unrelated to the Debtors |
| Internal Revenue Service Center | U.S. Internal Revenue Service | RINC mandated in a matter unrelated to the Debtors involving the U.S. Internal Revenue Service |
| Jefferies | Jefferies & Company, Inc. | Certain employees of RINC maintain accounts with Jefferies & Company, Inc. |
| JP Morgan Chase Bank, N.A. | JP Morgan Chase | RINC vendor |
| Kirkland & Ellis LLP | Kirkland & Ellis LLP | RINC vendor |

RINC has limited its search to the Parties In Interest provided by the Committee. Affiliates, subsidiaries or parent companies of Parties In Interest have not been searched unless specifically noted.
230186556v2

# EXHIBIT 3 TO SNYDER DECLARATION

| Party in Interest | Entity with which RINC has a Connection | Nature of Connection |
|---|---|---|
| KPMG, LLP | KPMG, LLP | RINC vendor |
| Pitney Bowes Global Financial Services | Pitney Bowes Inc. | Client pitch by RINC—unrelated to the Debtors |
| Potter Anderson & Corroon LLP | Potter Anderson & Corroon LLP | RINC vendor |
| Richards, Layton & Finger | Richards, Layton & Finger | RINC vendor |
| SES Americom, Inc. | SES Global | Various client pitches by RINC affiliates—unrelated to the Debtors |
| Sky Brasil Servicios Ltda. | Sky Brasil | Client pitch by RINC affiliate—subsequently abandoned |
| Societe Generale | Societe Generale | Client of various RINC affiliates—two active mandates unrelated to the Debtors |
| Sprint; Sprint Data Services; Sprint PCS | Sprint Corporation | Two client pitches by RINC—unrelated to the Debtors |
| Sumitomo Mitsui Banking Corp. | Sumitomo Corporation | Client of various RINC affiliates—two active mandates unrelated to the Debtors |
| Thyssen Krupp Elevator Company | Thyssen Krupp | Client of various RINC affiliates—two active mandates unrelated to the Debtors |
| United Parcel Service | United Parcel Service | RINC vendor |
| Verizon; Verizon NJ; Verizon California | Verizon Inc., Verizon Wireless; Verizon Communications | Verizon Inc. is a vendor of RINC

Various client pitches by RINC to Verizon Wireless and Verizon Communications on matters unrelated to the Debtors |

RINC has limited its search to the Parties in Interest provided by the Committee. Affiliates, subsidiaries or parent companies of Parties in Interest have not been searched unless specifically noted.
23018656v2

378280