**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEA LAUNCH COMPANY, L.L.C., *et al.*,[1] | ) | Case No. 09-12153 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: March 4, 2010 at 1:30p.m. (ET) |
| | ) | Objection Deadline: February 25, 2010 at 4:00 p.m. (ET) |
| | ) | |

**MOTION OF THE DEBTORS FOR AN ORDER (I) APPROVING THE
SEA LAUNCH EMERGENCE INCENTIVE PLAN FOR SENIOR MANAGEMENT
AND (II) AUTHORIZING PAYMENTS THEREUNDER PURSUANT TO
SECTIONS 105(a), 363(b) AND 503(c) OF THE BANKRUPTCY CODE**

Sea Launch Company, LLC ("**Sea Launch Company**") and its affiliates, Sea Launch Limited Partnership, a Cayman Islands partnership ("**Sea Launch LP**"); Sea Launch ACS Limited, and Isle of Man company ("**Sea Launch ACS**"); Sea Launch ACS Limited Partnership, an Isle of Man company ("**Sea Launch ACS LP**"); Platform LDC, a Cayman Islands company ("**Platform LDC**"); and Platform Limited Partnership, a Cayman Islands limited partnership ("**Platform LP**" and collectively, with Sea Launch Company, Sea Launch LP, Sea Launch ACS, Sea Launch ACS LP, and Platform LDC, the "**Debtors**") hereby file this Motion (the "**Motion**") seeking the entry of an order, pursuant to 11 U.S.C. §§ 105(a), 363(b) and 503(c), (i) approving the Sea Launch Emergence Incentive Plan for Senior Management (the "**SLEIP for Senior Management**"), and (ii) authorizing the incentive payments thereunder. In support of this Motion, the Debtors respectfully submit as follows:

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) Sea Launch Company, L.L.C. (1590); (ii) Sea Launch Limited Partnership (Cayman) (8182); (iii) Sea Launch ACS Limited (5999); (iv) Sea Launch ACS Limited Partnership (Isle of Man) (6216); (v) Platform LDC (3177); and (vi) Platform Limited Partnership (3173). The mailing address for all of the Debtors is 2700 Nimitz Road, Long Beach, CA 90802.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these bankruptcy cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 105(a), 363(b) and 503(c) of the Bankruptcy Code.

## II. INTRODUCTION

2. On November 27, 2009, the Debtors filed their Motion for an Order (I) Approving the Sea Launch Emergence Incentive Plan and (II) Authorizing Payments Thereunder Pursuant to Sections 105(a), 363(b) and 503(c) of the Bankruptcy Code (the "**SLEIP Motion**"). (Docket No. 424).

3. Objections to the SLEIP Motion were filed by Space Launch Services, LLC ("**Space Launch**"), the Office of the United States Trustee (the "**Trustee**"), and the Official Committee of Unsecured Creditors (the "**Committee**") (collectively, the "**Objections**"). (Docket Nos. 445, 446, and 448).

4. On December 15, 2009, the Debtors filed their Reply (the "**SLEIP Reply**," Doc. No.451) to the (i) Objections of the Trustee and the Committee, and (ii) The Response of Space Launch Services, LLC, to the Motion of the Debtors for An Order (I) Approving the Sea Launch Emergence Incentive Plan and (II) Authorizing Payments Thereunder Pursuant to Sections 105(a), 363(b) and 503(c) of the Bankruptcy Code (the "**Space Launch Objection**"). In doing so, the Debtors addressed the primary concerns raised in the Objections, the SLEIP as it applied to Kjell Karlsen, President and General Manager, Brett Carman, Vice President and Chief

Financial Officer, and Dennis Wiessner, Vice President and General Counsel (collectively, the "**Senior Managers**").

5. On December 17, 2009, the Court held a hearing (the "**Hearing**") to consider the SLEIP Motion, the Objections, and the SLEIP Reply. The Court granted the SLEIP Motion with respect to all Sea Launch employees except the Senior Managers and denied the SLEIP Motion with respect to the Senior Managers, without prejudice. (Docket No. 475).

### III. OVERVIEW OF THE SEA LAUNCH EMERGENCE INCENTIVE PLAN FOR SENIOR MANAGEMENT

6. The Court and all interested parties are well aware of the unique nature of the Debtors' business, as well as the time consuming and strenuous demands that have been placed upon Senior Management leading up to and during the course of these cases. The SLEIP Motion and the SLEIP Reply, which are hereby incorporated by reference, address this issue in detail.

7. The significant measures the Senior Managers have taken leading up to the filing of the Bankruptcy Cases, and since the commencement of the cases, to reduce overhead and expenses, secure financing, and cultivate and protect present and future business relationships critical to their future operations have also been well documented in the SLEIP Motion and SLEIP Reply. These diligent efforts have not gone unnoticed. *See* Space Launch Objection at ¶ 5 (acknowledging the "Debtors' professionalism, forthrightness, and diligence throughout their dealings…").

8. While a bonus incentive plan to motivate and incentivize the Debtors' non-management employees has been approved by this Court, no bonus incentive plan is currently in place for the Senior Managers. It is uncontroverted that an incentive plan for the Debtors' Senior Managers will be both necessary and helpful in effectuating the Debtors' reorganization efforts. (SLEIP Mot. Hr'g Tr. 101: 3-8; 102:16-18, Dec. 17, 2009). Because of the unique nature of the

Debtors' business and the satellite industry, typical milestones such as sale proceeds or EBITDA targets, are not appropriate benchmarks with which to incentivize the Senior Managers. (See id. 101:18-22). As the Court noted at the Hearing on the SLEIP Motion, "the unusual circumstances of this case frankly may require incentive criteria that may be less demonstrably beneficial, being sort of incremental steps to the reorganization effort…." (Id. 102: 9-11). After significant negotiations with the Committee, the Debtors believe that they have established appropriate benchmarks that are tailored to the particular and unusual circumstances of these cases and that properly address this Court's concerns.

9. Therefore, to address the substantial efforts that will be required to complete the necessary marketing and negotiations in order to formulate and propose a Chapter 11 plan and to obtain exit financing while at the same time minimizing the Debtors' expenditures, the Debtors propose to adopt the SLEIP for Senior Management, a copy of which is attached hereto as Exhibit A.

10. The SLEIP for Senior Management provides a series of payments linked to specific milestones in the confirmation process and applies to two of the three Senior Managers, Mr. Karlsen and Mr. Carman (collectively the "**SLEIP for Senior Management Participants**"), who are absolutely critical to survival of the Debtors.

11. The Debtors propose that the third Senior Manager, Dennis Wiessner, participate in the previously approved SLEIP and receive a cash bonus equal to 15% of his annual salary upon the effective date of a plan of reorganization, subject to the terms of the approved plan. This proposed Incentive Bonus payment for Mr. Wiessner is consistent with the bonus payments he has received in previous years and is in the ordinary course of business for the Debtors.

12. The SLEIP for Senior Management is structured as a series of smaller payments, calculated as a percentage of annual salary. Such payments will be triggered by the achievement of specified benchmarks designed to maximize the value of the business as a going concern and the amount recovered by creditors. The maximum payout under the SLEIP for Senior Management will be no greater than 82% of the annual salary for each SLEIP for Senior Management Participant, exclusive of cash bonuses of $100,000 (each) payable to Mr. Karlsen and Mr. Carman if creditor recoveries exceed 7 1/2% and an additional $100,000 (each) payable to Mr. Karlsen and Mr. Carman if creditor recoveries exceed 10%. However, these amounts are entirely contingent upon the SLEIP for Senior Management Participants' success in restructuring the Debtors, emerging from Chapter 11, and providing substantial recoveries to creditors.

## IV. REQUEST FOR RELIEF

13. By this Motion, the Debtors request the entry of an order, pursuant to 11 U.S.C. §§ 105(a), 363(b) and 503(c), (i) approving the Sea Launch Emergence Incentive Plan for Senior Management, and (ii) authorizing incentive payments in accordance with the terms of the SLEIP for Senior Management.

## V. BASIS FOR RELIEF

### A. The Proposed Bonus Incentive Payment for Mr. Wiessner Should be Approved as Part of the SLEIP Previously Approved by the Court and Because it is in the Ordinary Course of the Debtors' Business.

14. In recognition of the efforts that will be required of Mr. Wiessner as a valued and necessary employee, and to provide him with proper incentives to continue to maximize the value of the Debtors' estates necessary for a successful reorganization, the Debtors seek the authority to provide an Incentive Bonus payment to Mr. Wiessner if the Debtors successfully propose and confirm a plan of reorganization that becomes effective.

15.     The nature of the Debtors' business operations requires a firm commitment by Mr. Wiessner, as Vice President and General Counsel, to ensure that operations continue smoothly and that the Debtors are responding to and complying with the demands of the Bankruptcy Cases and applicable non-bankruptcy law. The amount the Debtors seek authority to pay is reasonable and responsibly targeted and Mr. Wiessner's participation in the Court approved SLEIP is in the best interests of the Debtors, their estates, and their stakeholders.

16.     Lastly, as is the case with respect to the Debtors' other employees participating in the SLEIP, the proposed Incentive Bonus payment to Mr. Wiessner is consistent with bonuses paid in the ordinary course of the Debtors' businesses in that he received similar bonuses in previous years. For example, in 2008, Mr. Wiessner received a year end "incentive compensation" payment of 22.5% of his annual salary.

17.     Because the proposed Incentive Bonus payment to Mr. Wiessner is the same as payments to other employees under the SLEIP, which has previously been approved and found to be in the best interest of the Debtors' creditors, a sound exercise of business judgment, and appropriate under the circumstances, and because the proposed payment is in the Debtors' ordinary course of business, Mr. Wiessner's participation in the previously approved SLEIP should be approved.

**B.     The SLEIP for Senior Management Should Be Approved Because it Sets Appropriate Milestones to Incentivize the Senior Managers Consistent with 11 U.S.C. § 503(c)(3).**

18.     The SLEIP for Senior Management Participants are responsible for formulating the business strategy necessary for the Chapter 11 plan, including the negotiation of its terms and the terms of the exit financing. As part of the Debtors' efforts in coordinating and pursuing the restructuring, Mr. Karlsen and Mr. Carman have been called upon to undertake significant

responsibilities in addition to their normal day-to-day functions of managing the Debtors' on going business operations. As noted in the SLEIP Motion and SLEIP Reply, these additional responsibilities currently include, but are not limited to, preparing schedules and reports required by the Court and the DIP lender; attending various hearings before this Court; continuing to review and analyze the Debtors' executory contracts and leases as part of their efforts to determine the post-emergence business plan to ensure the business returns to profitability; working successfully with the Debtors' creditor constituencies, including their employees, customers and vendors, to ensure that they obtain maximum performance and results from the operation of their business; negotiating debtor in possession and exit financing, traveling across the world to enter into advanced discussions with certain parties, (i.e. customers, DIP financing sources and exit financing sources), and working with the Debtors' advisors and other professionals and advisors involved in these Chapter 11 cases to determine which transaction(s) will provide maximum value to the Debtors, their estates and their stakeholders.

19. In recognition of the efforts that will be required of the SLEIP for Senior Management Participants and to provide them with proper incentives to continue to maximize the value of the Debtors' estates necessary for a successful reorganization, the Debtors seek the authority to provide reasonable and responsibly targeted Incentive Bonus payments to the SLEIP for Senior Management Participants based upon a series of milestones essential to the reorganization of the Debtors.

20. After lengthy discussions with the Committee and their advisors, the Debtors developed the SLEIP for Senior Management to address the specific concerns articulated in the Objections and at the Hearing on the SLEIP Motion. While the SLEIP provides for payments to non-management employees, and to Mr. Wiessner, upon the Debtors' emergence from

bankruptcy through an effective plan of reorganization, payments to the SLEIP for Senior Management Participants are triggered only upon the occurrence of specific milestones that contain specific monetary goals or achievement deadlines.

21. Further, rather than allocate cash payments in one lump sum of 82% of annual salary, the SLEIP for Senior Management Participants earn cash payments (or payments made 50% in cash and 50% in the form distributed to creditors) at each milestone (the "**Milestone Bonus Payments**") based on percentages of their salary for a maximum payment amount of 82%.

22. For example, upon the filing of a plan of reorganization, SLEIP for Senior Management Participants will earn a 10%[2] bonus if this milestone is achieved by March 2, 2010, or 5% if achieved by March 16, 2010. This milestone properly incentivizes the Senior Management Participants to work quickly and efficiently with their advisors, creditors, and the Trustee to file a plan so as to protect the value of the business in a volatile market. Additionally, the plan motivates and incentivizes the SLEIP for Senior Management Participants to continue their substantial efforts, traveling across the globe and spending countless hours in negations, to maintain and grow their customer base. For each customer contract that Mr. Karlsen and Mr. Carman procure and that is subsequently approved by the Committee by March 30, 2010, they will earn a 2% payment for a total maximum payment of 10% for the achievement of this milestone. To increase the incentive to improve creditors' recoveries, the SLEIP for Senior Management also awards a 5% incentive payment if the Participants are able to increase creditor recoveries above 5%.

---

[2] Unless otherwise specified, Milestone Bonus Payments are calculated based on 80% of the SLEIP for Senior Management Participant's annual salary.

23. These targets are by no means lay-ups, but rather are difficult targets of the type and kind called for by Space Launch, the Trustee, and the Committee. These milestones are specifically designed to encapsulate objective targets that correlate to the amount creditors and other stakeholders recover under the plan. The proposed payments under the SLEIP for Senior Management are almost entirely based on the success of the Debtors and the increase of creditor recoveries.

24. Because the terms of the SLEIP for Senior Management contain a series of objective milestones that trigger smaller payments based upon a percentage of annual salary and are designed to increase the value of the Debtors as a going concern and increase the return to creditors, and because the milestones address the concerns previously expressed in the Objections, the SLEIP for Senior Management should be approved as it provides value to the Debtors' estate, is a sound exercise of business judgment, and is appropriate under the circumstances.

## VI. NOTICE

25. No trustee or examiner has been appointed in the Bankruptcy Cases. The Debtors have served notice of this Motion on (a) the Trustee; (b) the Committee; (c) Space Launch; and (d) all parties that have requested notice pursuant to Local Rule 2002-1(b). The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the proposed order attached hereto as <u>Exhibit B</u> granting the relief requested herein; and (ii) grant such other and further relief as it deems just and proper.

DATED: February 11, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Kenneth J. Enos
Joel A. Waite (No. 2925)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Dennis J. Connolly
Matthew W. Levin
Wendy R. Reiss
Sage M. Sigler
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Attorneys for the Debtors