## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEA LAUNCH COMPANY, | ) | Case No. 09-12153 (BLS) |
| L.L.C., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Hearing Date: December 16, 2011 at 11:00 a.m. (ET)** |
| | ) | **Objection Deadline: December 13, 2011 at 4:00 p.m. (ET)** |

## REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE, PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022 AND LOCAL RULE 5009-1, CLOSING THE DEBTORS' CHAPTER 11 CASES AND TERMINATING CLAIMS AND NOTICING AGENT APPOINTED IN CHAPTER 11 CASES

Sea Launch S.à.r.l., a Luxembourg *société à responsibilité limitée* (a private limited liability entity), as the reorganized debtor (the "**Reorganized Debtor**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through its undersigned counsel, hereby submits this motion (the "**Motion**") for entry of a final decree, pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 5009-1 of the Local Bankruptcy Rules of the District of Delaware (the "**Local Rules**"), closing the above-captioned, jointly administered Chapter 11 Cases. In support of this Motion, the Reorganized Debtor respectfully states as follows:

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) Sea Launch Company, L.L.C. (1590); (ii) Sea Launch Limited Partnership (Cayman) (8182); (iii) Sea Launch ACS Limited (5999); (iv) Sea Launch ACS Limited Partnership (Isle of Man) (6216); (v) Platform LDC (3177); and (vi) Platform Limited Partnership (3173). The mailing address for all of the Debtors is 2700 Nimitz Road, Long Beach, CA 90802.

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2).

2.      The statutory predicates for the issuance of a final decree closing the Debtors Chapter 11 Cases are section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 5009-1(a).

## Background

3.      On June 22, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing these Chapter 11 Cases, which are jointly administered under Case No. 09-12153, in the Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors continued to operate the business and manage the property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      A description of the Debtors' businesses and the reasons for commencing the Chapter 11 Cases is set forth in the *Declaration of Brett A. Carman in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 4].

5.      On June 25, 2009, Epiq Systems ("**Epiq**") was appointed as claims and noticing agent ("**Claims Agent**") in the Chapter 11 cases [Docket No. 30].

(i)      The Plan Process

6.      On May 10, 2010, the Debtors filed their *Joint Plan of Reorganization* in the Chapter 11 Cases [Docket No. 690]. On June 18, 2010, the Debtors filed their *First Amended Plan of Reorganization* [Docket No. 787], as amended by the Debtors' *Second Amended Plan of Reorganization* filed on June 21, 2010 [Docket No. 795] (together with all other documents and actions necessary to carry out, consummate, finalize and effectuate the plan, the "**Plan**").

2

7.      The Plan provided for the discharge of more than $2 billion of the Debtors' prepetition debt and the restructuring and reorganizing of the company's operations.  The Plan also provided, among other things, for the injection of $155 million of "equity" by Limited Liability Company «Energia – Overseas» (the "**New Investor**").

8.      The Plan was largely consensual, representing the culmination of more than a year of negotiations with key constituencies, such as the Debtors' partners, customers, major suppliers and the committee of unsecured creditors, and was built upon numerous settlements with the Debtors' partners as supply chain creditors, lenders and guarantors (resolving approximately $2 billion in claims), the Debtors' customers from across the globe (resolving over $348 million in claims and providing an agreed future launch manifest) and the Debtors' unsecured creditors (resolving over $8 million in claims and providing a mechanism for resolution and treatment of an additional $ 40 million in disputed creditor claims).

9.      On July 30, 2010, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Plan* (the "**Confirmation Order**") [Docket No. 923].  The Plan became effective on October 27, 2010 (the "**Effective Date**") [Docket No. 1040].

(ii)      Migration to Luxembourg and Plan Distributions

10.     Contemporaneously with the occurrence of the Effective Date, the Reorganized Debtor restructured and simplified the organizational format of itself and its subsidiaries, issued new preferred and common interests to S.P. Korolev Rocket & Space Corporation Energia ("RSC Energia") and the Creditor Trust, respectively, authorized the company's migration to Luxembourg creating Sea Launch S.à r.l, accepted the equity infusion from the New Investor, started the process of finalizing new launch contracts and issued new launch credits to customers with whom the Debtors' had previously entered into settlements during the reorganization case.

3

11.     On or about the Effective Date, the Reorganized Debtor funded the Class 3 and 4 Escrow and began making the other distributions contemplated under the Plan.   On or about November 5, 2010, the Disbursing Agent made cash distributions from the Escrow to holders of Allowed Claims in Classes 3 and 4 (as those terms are defined in the Plan) equal to 17.5% of such Allowed Claims [Docket No. 1059].

(iii)     Successful Claim Resolutions

12.     The Reorganized Debtor has resolved all outstanding, prepetition claims against the bankruptcy estate.  No outstanding claims remain on the claims register maintained by Epiq. No claims scheduled by the Debtors remain outstanding or unresolved.

13.     In addition, fees and expenses for retained professionals have been paid as of the date hereof or will be paid prior to the hearing on this Motion, except that the administrative claims of The Boeing Company and Boeing Commercial Space Company will be paid consistent with the terms of the *Stipulation Resolving Administrative Expense Claims Filed by The Boeing Company and Boeing Commercial Space Company* [Docket No. 1262] and the administrative claims of Rothschild Inc. will be paid consistent with the terms of the *Stipulation and Order Resolving Rothschild Inc.'s Administrative Expense Claim for Professional Fees* [Docket No. 1291].

14.     The Reorganized Debtor will file the final report and account, in the manner prescribed by the Office of the United States Trustee, no later than seven (7) days prior to the hearing on this Motion.

(iv)     Resolution of the IRS Appeal

15.     Finally, the appeals by the United States of America, on behalf of the Internal Revenue Service, of the Confirmation Order and the Bankruptcy Court's *Order Estimating, for*

4

*the Purposes of Distribution and for All Other Purposes, the Putative Claims of the IRS and the California Franchise Board in Respect of Certain Potential Liability for Withholding Taxes* (the "**Estimation Order**") have been dismissed [*See* Docket No. 1241]. Subsequent to the entry of the order dismissing the appeals of the Confirmation Order and the Estimation Order by the District Court on June 8, 2011, the IRS did not seek a further appeal to the Third Circuit Court of Appeals. Accordingly, at this time, both the Confirmation Order and the Estimation Order have become "Final Orders" as defined in the Plan and are no longer subject to any further review or appeal.

16.    Moreover, all other motions, contested matters, and prepetition claims against the Debtors, and other proceedings which were before the Court with respect to the Chapter 11 Cases have been resolved.

(v)    Successful Post-Effective Date Launches

17.    On September 24, 2011, Sea Launch successfully launched the "Atlantic Bird 7" satellite for Eutelsat (*http://www.sea-launch.com/news_releases/2011/nr_110924.html*). Shortly thereafter, on October 5, 2011, Sea Launch completed the successful launching of the IS 18 satellite for Intelsat (*http://www.sea-launch.com/news_releases/2011/nr_111006.html*). Both launches resulted in the proper placement of the respective satellites in their respective geosynchronous orbits.

**Relief Requested**

18.    By this Motion, the Reorganized Debtor requests entry of a final decree, substantially in the form attached hereto as Exhibit A, pursuant to section 350 of the Bankruptcy Code, Rule 3022 of the Bankruptcy Rules and Local Rule 5009-1, closing the Chapter 11 Cases and terminating the services of Epiq as Claims Agent.

01: 11640713.3       069983.1001

**Basis For Relief**

A.      **Final Decree**

19.      Section 350(a) of the Bankruptcy Code provides that "[a]fter the case is fully administered and the court has discharged the trustee, the court shall close the case."[2] 11 U.S.C. § 350(a).  Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

20.      Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered."  The Advisory Committee Note to the 1991 amendment to Bankruptcy Rule 3022 provides a list of six (6) factors that a court may consider in determining whether an estate has been fully administered for final decree purposes.  The six (6) factors are: (a) whether the order confirming the plan has become final; (b) whether distributions required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (f) whether payments under the plan have commenced; and (g) whether all motions, contested matters, and adversary proceedings have been finally resolved.  *See* Advisory Committee Note to Fed. R. Bankr. P. 3022.

21.      Courts have frequently applied the six (6) factors set forth in the Advisory Committee Note in determining whether a case has been fully administered.  *See, e.g., In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (using the test to deny the debtor's contention that estate was fully administered in part because no provision had not been made for administrative claims); *In re Mold Makers, Inc.*, 124 B.R.

---

[2] The status of the debtor in possession as a trustee normally is deemed terminated upon confirmation of the plan of reorganization. *See In re Jay Bee Enter., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

766, 768 (Bankr. N.D. Ill. 1990); *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005) (denying motion for final decree because an appeal of the confirmation order was still pending); *In re Ball*, Case No. 06-1002 (PMF), 2008 Bankr. LEXIS 1532 at *6 (Bankr. N.D. W. Va. May 23, 2008).  These factors are employed by courts as a guide to assist the determination of whether a case is fully administered although each of the factors need not be present in order for a court to enter a final decree.  *See Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994); *Mold Makers*, 124 B.R. at 768; *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (finding that case was fully administered despite pending adversary proceeding).

22.     Taking the foregoing factors into account, it is evident that the Reorganized Debtor's cases are, or will soon be, fully administered.  First, the Confirmation Order [Docket No. 923] became final well over three months ago and the appeals lodged in connection therewith have been dismissed.  Thus, the Confirmation Order is a Final Order as defined in the Plan and is no longer subject to any appellate review.  Moreover, confirmation is no longer subject to theoretical revocation under 11 U.S.C, §1144.  Second, all claims against the Debtors and their estates have been resolved.  In addition, the Reorganized Debtor and its affiliates have assumed all business operations and management of the properties pursuant the Plan.  Finally, no unresolved motions, contested matters, adversary proceedings or appeals remain pending in any of the Chapter 11 Cases.

23.     The Reorganized Debtor notes that Local Rule 5009-1 establishes "substantial consumption" as a prerequisite for the entry of the final decree.[3]  Substantial consummation is

---

[3]   The Court of Appeals for the Third Circuit has found that while substantial consummation of a plan is a prerequisite for entry of a final decree, substantial consummation is not by itself sufficient to warrant entry of a final decree.  Instead, the Third Circuit has held that full administration of a chapter 11 case, rather than substantial consummation, is the determinative standard for the entry of a final decree.  *See In re Emerson Radio Corp.*, 52 F.3d

defined by the Bankruptcy Code to mean: (1) transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (3) commencement of distribution under the plan. *See* 11 U.S.C. § 1101(2). The Plan has been substantially consummated in that the transfer of substantially all property provided by the Plan has been accomplished; the Reorganized Debtor and its affiliates have assumed the business and management of substantially all of the Debtors' property pursuant to the Plan; and distributions required by the Plan are complete, but for two consensual distributions streams on account of administrative claims.

24.    Pursuant to Local Rule 5009-1(a), all fees required pursuant to 28 U.S.C. § 1930 have been paid by the Reorganized Debtor. No later than fourteen (14) days prior to a hearing on this Motion, the Reorganized Debtor will file a final report and account with the Office of the United States Trustee as required by Local Rule 5009-1(c).

25.    Given that the Chapter 11 Cases are fully administered, it is no longer necessary to burden the Court and the Office of the United States Trustee with the oversight and administration of these Chapter 11 Cases.

**B.    Termination of Services of Epiq as Claims Agent in the Chapter 11 Cases**

26.    In addition to the relief previously requested herein, the Reorganized Debtor requests, pursuant to Local Rule 2002-1(f), that the services of Epiq as Claims Agent be terminated effective as of the entry of a final decree granting the relief requested in this Motion, except that Epiq shall be required to (i) file with this Court an updated claims register and

---

50, 54 (3d Cir. 1995) (following the plain language of section 350(a) and rejecting argument that substantial consummation of the plan effectively closes the debtor's estate). This distinction is immaterial in the present case, as the Reorganized Debtor has both substantially consummated the Plan and fully administered the Chapter 11 cases.

01: 11640713.3     069983.1001

(ii) forward to the Clerk of the United States Bankruptcy Court for the District of Delaware (the "**Clerk**"), or such other location as the Clerk or the Court might request, (a) all proofs of claim filed in the Chapter 11 Cases and maintained by Epiq, along with any documents related thereto; (b) the updated claims register, both in paper and on CD; (c) a CD of all imaged proofs of claim maintained by Epiq; and (d) an excel spreadsheet containing all claims information, along with an updated mailing list, maintained by Epiq, both in paper and on CD in .txt format.

**Notice**

27.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; and (ii) all parties entitled to notice under Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

9

WHEREFORE the Reorganized Debtor respectfully requests that the Court (a) enter a final decree, substantially in the form attached hereto as **Exhibit A** closing the Chapter 11 Cases and (b) grant such other and further relief as the Court may deem just and appropriate.

DATED:  December 7, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____ */s/ Kenneth J. Enos* _____
Joel A. Waite (No. 2925)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Dennis J. Connolly
Sage M. Sigler
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777

*Attorneys for the Reorganized Debtor*

10